UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JAMES ANTHONY WILLIAMS,

    Plaintiff,

v.

STEPHEN SINCLAIR,

    Defendants.

Case No. C19-5045 BHS-TLF

ORDER GRANTING EXTENSION OF TIME AND DENYING MOTION TO APPOINT COUNSEL

This matter comes before the court on plaintiff's motion for extension of time and appointment of counsel. Dkt. 17. Defendants filed a response to the motion on August 5, 2019, indicating no opposition to the motion for extension of time. The court has carefully considered the arguments presented by the parties and will GRANT plaintiff's unopposed motion for extension of time and DENY plaintiff's motion for appointment of counsel.

DISCUSSION

I. *Extension of Time*

Plaintiff requests an extension of time to respond to defendants' pending motion for summary judgment (Dkt. 13). Dkt. 17. Defendants do not oppose plaintiff's request. Dkt. 18.

Plaintiff claims that he previously submitted a motion for extension of time in the two weeks following defendants' filing of the motion for summary judgment, but having received no response from the court, plaintiff "can only assume that the prison staff [at his facility] did not

mail [his] motion." Dkt. 17 at 2. Plaintiff also claims that prison staff routinely dispose of his legal documents in the trash. *Id.* Plaintiff argues that without his "original complaint" or his previously recorded legal research, he cannot properly respond to the motion for summary judgment. *Id.* Without making any finding on the conduct of the parties, and in light of defendants' lack of opposition, the court finds that a 60-day extension is appropriate to allow plaintiff to form his complete response to defendant's motion for summary judgment.

II. *Appointment of Counsel*

The court declines to appoint counsel for plaintiff. Plaintiff may renew this motion if, later in the proceedings, exceptional circumstances would require appointment of counsel.

No constitutional right exists to appointed counsel in a § 1983 action. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981); *see also United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995) ("[a]ppointment of counsel under this section is discretionary, not mandatory."). In "exceptional circumstances," a district court may appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1)). *Rand v. Roland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *overruled on other grounds,* 154 F.3d 952 (9th Cir. 1998).

To decide whether exceptional circumstances exist, the Court must evaluate both "the likelihood of success on the merits [and] the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). A plaintiff must plead facts that show he has an insufficient grasp of his case or the legal issue involved, and an inadequate ability to articulate the factual basis of his claim. *Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004). That a *pro se* litigant may be better served with the assistance of counsel is not the test. *Rand*, 113 F.3d at 1525.

Plaintiff has pursued his claims in all the proceedings prior to this motion *pro se* and has demonstrated an ability to articulate himself in a clear fashion understandable to this Court.

Plaintiff presents no evidence to show whether he is likely to succeed on the merits of his case. While plaintiff may not have vast resources or legal training, he meets the threshold for a *pro se* litigant. Although plaintiff contends that defendants would only return his legal documents if he were appointed counsel, this is a speculative argument, and plaintiff's lack of access to older court documents is not sufficient to require appointment of counsel. *See Wood v. Housewright*, 900 F.2d 1332, 1335 (9th Cir. 1990) (noting that contended exceptional factors were "difficulties which any litigant would have in proceeding pro se"). Plaintiff has not met his burden to demonstrate an inability to present his claims to this Court without counsel or to show that exceptional circumstances require the Court to appoint counsel at this stage.

CONCLUSION

As plaintiff has not shown appointment of counsel is appropriate at this time, the motion for the appointment of counsel (Dkt. 17) is DENIED without prejudice. His motion for extension of time is GRANTED. Plaintiff shall have until October 11th, 2019, to respond to the motion for summary judgment. Defendant shall have until October 18th, 2019, to reply. The Clerk of Court is directed to re-note the motion for summary judgment to October 18th, 2019.

Dated this 13th day of August, 2019.

Theresa L. Fricke
United States Magistrate Judge