UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JAMES ANTHONY WILLIAMS,<br><br>               Plaintiff,<br><br>    v.<br><br>STEPHEN SINCLAIR, et al.,<br><br>               Defendants. | CASE NO. C19-5045 BHS-TLF<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION IN PART AND REFERRING FOR FURTHER PROCEEDINGS |

This matter comes before the Court on the Report and Recommendation ("R&R") of the Honorable Theresa L. Fricke, United States Magistrate Judge, Dkt. 27, and Defendants Stephen Sinclair, Secretary of the Department of Corrections ("DOC"), Timothy Thrasher, Mission Housing Administrator, Dr. Bruce Gage, Chief of Psychiatry, and Dr. Karie Rainer's, Director of Mental Health ("Defendants") objections to the R&R, Dkt. 29.

Plaintiff James Anthony Williams ("Williams") is an inmate whom the DOC has transferred to multiple institutions. On March 7, 2019, Williams filed a complaint against Defendants alleging that years of solitary confinement has resulted in mental health issues which cause him to engage in acts of self-harm and destruction of his cell. In

1  response to Williams and other inmates that engage in such conduct, Defendants
2  developed and instituted a Disruptive Hygiene Behavior Response Protocol ("Protocol").
3  Relevant to the instant motion, one of the initial steps in the Protocol is to not serve an
4  inmate his or her scheduled meal if the inmate engages in disruptive and unhygienic
5  conduct.  Dkt. 14-1 at 17–18 (checklist).  Williams alleges that the existence of the
6  Protocol itself causes him to engage in disruptive behavior and that on numerous
7  occasions he has missed multiple meals while being disciplined under the Protocol.
8  Williams filed a 42-page complaint that contains 124 paragraphs of allegations and
9  attached approximately 150 pages of exhibits.  Dkt. 6.  Williams asserts Defendants have
10 violated both the United States Constitution and the Washington State Constitution.  *Id.*
11 at 12, ¶ 28.1.  Importantly, Williams asserts that his "main thrust [in filing suit] is not to
12 win money from the injuries—but to elliminate [sic] the protocol for [his] safety and the
13 safety of other mentally ill people in solitary confinement."  *Id.* at 14–15, ¶ 35.  The
14 Court construes this assertion as a request for injunctive relief.
15     In answer to the complaint, Defendants moved for summary judgment requesting
16 that the Court "dismiss Williams's claims with prejudice."  Dkt. 13 at 14.  Notably,
17 Defendants do not discuss the potential scope of Williams's allegations or claims.
18 Instead, they argue that Williams's Eight Amendment claims should be dismissed, that
19 the claims should be dismissed against the named Defendants for lack of personal
20 participation, and that Defendants are entitled to qualified immunity.  *Id.* at 5–14.
21 Defendants failed to address Williams's state constitutional claim or the rule that
22 qualified immunity does not apply to requests for injunctive relief.  *See, e.g.*,

1 | *Presbyterian Church (U.S.A.) v. United States*, 870 F.2d 518, 527 (9th Cir.1989)

2 | ("Qualified immunity is an affirmative defense to damage liability; it does not bar actions

3 | for declaratory or injunctive relief.").

4 | On February 28, 2020, Judge Fricke issued the R&R recommending that the Court

5 | grant Defendants' motion in part, deny it in part, and direct Williams to file an amended

6 | complaint.  Dkt. 27.  On March 13, 2020, Defendants filed objections.  Dkt. 29.

7 | The district judge must determine de novo any part of the magistrate judge's

8 | disposition that has been properly objected to. The district judge may accept, reject, or

9 | modify the recommended disposition; receive further evidence; or return the matter to the

10 | magistrate judge with instructions.  Fed. R. Civ. P. 72(b)(3).

11 | In this case, a significant issue is the construction of Williams's complaint.  First,

12 | the Court agrees with Judge Fricke and Defendants that Williams brings a facial Eight

13 | Amendment attack on the Protocol because it directs DOC employees to withhold food in

14 | retaliation for disruptive behavior.  The Court also agrees that the withholding of one

15 | meal during an inmate's disruptive behavior is not a violation of the Eight Amendment.

16 | *Foster v. Runnels*, 554 F.3d 807, 814 (9th Cir. 2009) (discussing authorities addressing

17 | the difference between using food deprivation as a punishment and establishing a

18 | reasonable condition to the receipt of food).  Refusing to deliver food to an inmate who is

19 | currently engaging in unhygienic and disruptive behavior is more akin to a reasonable

20 | condition to the receipt than a punishment.  The DOC submits numerous legitimate

21 | concerns regarding refusal to provide ingestible sustenance when an inmate is touching

22 |

1  feces or other unhygienic substances.  Therefore, the Court adopts the R&R and grants

2  Defendants' motion on this issue.

3  Second, Defendants fail to establish that Williams's only Eight Amendment facial

4  attack is based on the withholding of one meal.  For example, Williams alleges that on

5  one occasion he was denied four meals in a row and left in a shower for eight hours while

6  he engaged in self-mutilation.  Dkt. 6 at 39, ¶ 113.  It is unclear whether officers were

7  acting pursuant to the Protocol when this alleged incident occurred.  At the very least,

8  Defendants fail to establish that this fact pattern could never occur under the Protocol or,

9  if it could occur when officers are acting pursuant to the Protocol, that Defendants have

10  not "implement[ed] a policy so deficient that the policy itself is a repudiation of

11  constitutional rights and is the moving force of a constitutional violation." *Crowley v.*

12  *Bannister*, 734 F.3d 967, 977 (9th Cir. 2013).  Thus, Defendants have failed to show that

13  they are entitled to judgement as a matter of law on all potential aspects of Williams's

14  Eight Amendment facial attack.

15  Third, Defendants' discussion of qualified immunity could be irrelevant.  While

16  the "main thrust" of Williams's complaint is injunctive relief, this does not necessarily

17  mean that he is not seeking damages.  An amended complaint may clarify this issue.

18  Finally, appointed counsel may assist the Court and the parties in this matter.

19  Williams admits to bouts of serious mental health issues, is apparently housed in solitary

20  confinement for long periods of time, and repeatedly sends his legal documents to the

21  Court via mail after repeated warnings to file these materials electronically with the

22  assistance of the institution's law librarian.  Moreover, this appears to be the first

constitutional challenge to the Protocol and an attorney could assist Williams in articulating his claims in the absence of authorities addressing this DOC-wide policy. Thus, this may be an appropriate time in the proceeding to appoint counsel and/or contact the Federal pro-bono panel seeking a volunteer to assist Williams. Such assistance would seem extremely beneficial in drafting an amended complaint that properly gives Defendants sufficient notice of all prospective claims.

Therefore, the Court having considered the R&R, Defendants' objections, and the remaining record, does hereby find and order as follows:

(1) The R&R is **ADOPTED in part**;

(2) Defendants' motion for summary judgment, Dkt. 13, is **GRANTED in part** as to Williams's claim that the Protocol does not violate the Eight Amendment by denying one meal to an inmate engaging in unhygienic and disruptive behavior and **DENIED without prejudice** as to all other aspects; and

(3) The matter is referred for further proceedings.

Dated this 17th day of June, 2020.

BENJAMIN H. SETTLE
United States District Judge