UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JAMES ANTHONY WILLIAMS,

        Plaintiff,

v.

STEPHEN SINCLAIR,

        Defendants.

Case No. C19-5045 BHS-TLF

ORDER DIRECTING CLERK TO IDENTIFY PRO BONO COUNSEL

This is a civil rights action proceeding under 42 U.S.C. § 1983. Plaintiff previously filed a motion requesting appointment of counsel. Dkt. 17. The Court denied plaintiff's motion without prejudice. Dkt. 19.

Plaintiff's motion for appointment of counsel was filed while defendants' motion for summary judgment (Dkt. 13) was pending. The undersigned has issued a Report and Recommendation recommending that the Court grant in part and deny in part defendants' motion for summary judgment. Dkt. 27. The Court adopted the Report and Recommendation in part and referred the case to the undersigned for further proceedings and consideration of appointment of counsel for plaintiff. Dkt. 30. The Court, having reviewed the balance of the record and current procedural posture of this litigation, hereby finds that appointment of counsel would be in the interest of justice.

Generally, the decision to appoint pro bono counsel rests within "the sound discretion of the trial court and is granted only in exceptional circumstances." *Agyeman*

*v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004). A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his or her claims *pro se* in light of the complexity of the legal issues involved. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991) (citations omitted). Neither of these factors is dispositive, and the factors must be viewed together before reaching a decision regarding appointment of counsel. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

Here, plaintiff states that he suffers from serious mental health issues and alleges that due to these mental health issues he engages in self harm and erratic behavior. Dkt. 6, 33. Plaintiff also states that his mental health issues are worsening and he continues to engage in self harm. Dkt. 33. Additionally, plaintiff is currently housed in solitary confinement and is limited in the number of legal documents he can use and possess at a given time. Dkt. 6, 17, 20, 22, 23, 25. It also appears that plaintiff has had difficulty in understanding and following DOC procedures for requesting access to his legal documents. Dkt. 22.

Further, as the Court noted in the Order Adopting the Report and Recommendation, plaintiff's complaint appears to be the first constitutional challenge to the Department of Corrections' Disruptive Hygiene Behavior Response Protocol. Dkt. 30. Additionally, the circumstances present in this action indicate that plaintiff might have difficulty articulating this constitutional challenge, especially considering the absence of authorities addressing the Department of Corrections' Disruptive Hygiene Behavior Response Protocol.

Given the posture of this case, and plaintiff's asserted mental health issues, the interest of justice will best be served if counsel from the Western District Pro Bono Panel is appointed to represent plaintiff in this matter.

The Clerk is hereby directed to take steps to identify counsel from the Pro Bono Panel to represent plaintiff for the duration of this action, and forward the names of the parties to the selected attorney so that he or she can determine whether they have a conflict of interest. The selected attorney shall promptly notify the Clerk as to whether a conflict exists. As soon as the Clerk receives confirmation from a selected attorney that there is no conflict of interest, the Clerk shall notify the undersigned so that the Court may appoint the selected attorney to represent plaintiff.

The Clerk shall send a copy of this Order to plaintiff and counsel for defendants.

Dated this 8th day of September, 2020.

Theresa L. Fricke
United States Magistrate Judge

ORDER DIRECTING CLERK TO IDENTIFY PRO BONO COUNSEL - 3