UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JAMES ANTHONY WILLIAMS,<br><br>               Plaintiff,<br><br>   v.<br><br>STEPHEN SINCLAIR, et al.,<br><br>               Defendants. | Case No. 3:19-cv-05045-DGE-TLF<br><br>REPORT AND RECOMMENDATION REGARDING PLAINTIFF'S MOTION TO AMEND COMPLAINT<br><br>Noted for <u>February 11, 2022</u> |

     This matter comes before the Court on plaintiff's motion to file a second and third amended complaint. Dkt. 87. Defendants have responded. Dkt. 88. Plaintiff did not file a reply. For the reasons discussed below, the Court recommends denial of the motion in part, but the Court should conditionally grant an amendment of the complaint, as explained below.

<u>BACKGROUND</u>

     In this 42 U.S.C. § 1983 action, plaintiff, who is proceeding *pro se* and *in forma pauperis*, challenges the Department of Corrections' ("DOC's") disruptive Hygiene Behavior Response Protocol (the "Protocol"). Dkts. 6, 47. Plaintiff is a prisoner currently confined in the Intensive Management Unit at the Monroe Correctional Complex.

REPORT AND RECOMMENDATION REGARDING
PLAINTIFF'S MOTION TO AMEND COMPLAINT- 1

Defendants are senior DOC officials alleged to have created the Protocol—Stephen Sinclair (DOC Secretary) and Timothy Thrasher (DOC Mission Housing Administrator).[1]

Defendants brought a pre-discovery motion for summary judgment. Dkt. 13. This Court issued a Report and Recommendation recommending that plaintiff's official-capacity claims asserting a facial challenge to the Protocol be dismissed because the Protocol's delay of a single meal pending the removal of a biohazard did not violate the Eighth Amendment. Dkt. 27 at 16. This Court further recommended that plaintiff be permitted to amend his complaint to state personal-capacity supervisory liability claims against the defendants, and to name and assert personal-capacity claims against unnamed "John Doe" prison staff for incidents of misuse of the Protocol that had been alleged in plaintiff's original complaint. *Id*. at 18, 20.

The District Court adopted the Report and Recommendation in part. The District Court dismissed plaintiff's official-capacity facial attack claims only as to the withholding of a single meal and denied defendant's motion without prejudice as to all other aspects of plaintiff's claims. Dkt. 30 at 4. In particular, the District Court declined to dismiss all potential aspects of plaintiff's Eighth Amendment facial attack on the Protocol; the District Court allowed plaintiff to proceed with official-capacity claims that the Protocol is unconstitutionally defective to the extent that it permits, or has been misapplied to permit, the deprivation of multiple consecutive meals or other unconstitutional conditions of confinement. *Id*. The District Court noted that it was not clear whether plaintiff was seeking damages, permitted plaintiff to file an amended complaint to clarify his claims,

---

[1] Plaintiff's original complaint also named two additional senior DOC officials, Dr. Bruce Gage (Chief of Psychiatry) and Dr. Karie Rainer (Director of Mental Health).

REPORT AND RECOMMENDATION REGARDING
PLAINTIFF'S MOTION TO AMEND COMPLAINT- 2

and suggested that plaintiff would benefit from the assistance of counsel in drafting an amended complaint. *Id*. at 5.

After the summary judgment decision, this Court appointed *pro bono* counsel Curtis Schultz and Lynne Wilson to represent plaintiff. Dkt. 35. On January 15, 2021, counsel filed an amended complaint alleging that plaintiff's continued solitary confinement is unconstitutional and that the Protocol is unconstitutional both facially and as applied to plaintiff. Dkt. 47. The amended complaint is brought against defendants Sinclair and Thrasher in their official capacities only and seeks declaratory and injunctive relief. Dkt. 47 at ¶¶ 1.3–1.5. While the amended complaint lists 38 incidents in which the Protocol was allegedly misapplied by corrections staff, it does not assert individual personal-capacity claims against those officers. Dkt. 47 at ¶5.13. Instead, it appears that the incidents were alleged as evidence or examples demonstrating that the Protocol is subject to abuse.

Defendants answered the amended complaint, and the parties proceeded with discovery. Dkts. 48, 51. On May 17 and 26, 2021, both of plaintiff's counsel filed motions for relief from the order appointing them, citing incompatibility and a dispute over case strategy. Dkts. 53, 55. The Court granted the motions, and plaintiff is currently proceeding *pro se* in this matter. Dkt. 56.

Plaintiff has filed a motion seeking leave to file an attached second amended complaint, as well as leave to file at some unspecified time in the future a third amended complaint. Dkt. 87. Plaintiff's second amended complaint seeks to add claims against all defendants (and to restore Dr. Karie Rainer as a defendant) in their personal capacities, to add 41 pages alleging additional circumstances in which unnamed defendants

REPORT AND RECOMMENDATION REGARDING
PLAINTIFF'S MOTION TO AMEND COMPLAINT- 3

allegedly violated his Eighth Amendment rights, to seek damages and to request additional categories of injunctive relief. Dkt. 87-1 at 1, 13–57, 62–63. Plaintiff ultimately seeks to file a third amended complaint adding claims against individual staff at multiple institutions for the deprivation of 200-300 meals over the course of his confinement during the past five years. Dkt. 87 at 7–9.

## DISCUSSION

A. Legal Standard

Pursuant to Fed. R. Civ. P. 15(a)(2), a party may amend its pleading after a responsive pleading is served only with the opposing party's written consent or the court's leave. "Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so requires.'" *AmerisourceBergen Corp. v. Dialysis West, Inc.*, 445 F.3d 1132, 1136 (9th Cir. 2006) (*quoting* Fed. R. Civ. P. 15(a)). The court ordinarily considers five factors when determining whether to grant leave to amend under Rule 15: "(1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment," and (5) whether the pleadings have previously been amended. *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir.1990). "However, each is not given equal weight. Futility of amendment can, by itself, justify the denial of a motion for leave to amend." *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995). If a proposed amendment could not withstand a motion to dismiss, a court is justified in denying a motion to amend the pleadings made pursuant to Rule 15(a). *Jones v. Community Redevelopment Agency of City of Los Angeles*, 733 F.2d 646, 650-51 (9th Cir. 1984).

An amendment that serves to "clarify the point" regarding a defendant but which "could not affect the outcome of [the] lawsuit" can properly be denied as a futile

amendment. *Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau*, 701 F.2d 1276, 1293 (9th Cir. 1983).

B.  Second Amended Complaint

Plaintiff has already been permitted, through counsel, to amend his complaint, and defendants have answered the amended complaint. Dkts. 47, 48. Plaintiff now seeks to file a second amended complaint, in which he seeks to add 41 pages alleging additional circumstances in which unnamed defendants allegedly violated his Eighth Amendment rights. Dkt. 87-1 at 13–57. Defendants argue that they would be prejudiced if plaintiff were permitted to amend his complaint after the parties had proceeded through discovery based upon counsel's amended complaint, and contend that the proposed amendment is futile. Dkt. 88.

The second amended complaint does not seek to add any defendant alleged to have personally participated in the new incidents it asserts. As such, it brings those claims only against the existing DOC headquarters defendants—with no allegation supporting their personal participation in those events. Instead, plaintiff appears to rely solely upon supervisory liability.

A supervisor may be deliberately indifferent and liable only if "there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011). As with the incidents alleged in plaintiff's original complaint, the proposed second amended complaint alleges no such facts. It therefore fails to state a claim for personal liability against the named defendants. Plaintiff's proposed amendment to bring claims arising from new incidents,

and against the existing defendants in their personal capacities for damages, is therefore futile.

To the extent that the allegations of additional incidents are not intended to state individual claims, but instead to serve as evidence of the deficiency of the Protocol, the new allegations are cumulative and unnecessary. The amended complaint already lists 38 incidents as examples of allegedly unconstitutional treatment of plaintiff pursuant to the Protocol. Dkt. 47 at 8–12. A complaint need not—and should not—contain all of plaintiff's evidence; all that is required is a "short, plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

Plaintiff also seeks to add requests for various forms of injunctive relief to compel the provision of gloves, shoes or lighting preferences. Dkt. 87-1 at 62–63. These are beyond the scope of the claims in the complaint and an amendment to add them would be futile.

Finally, plaintiff seeks to restore Karie Rainer (DOC Chief of Psychiatry) as a defendant. Dkt. 87-1 at 2. Dr. Rainer was named in plaintiff's original complaint, but not in the amended complaint filed by counsel. Dkt. 6 at 1; Dkt. 47 at 1. As with the existing defendants, plaintiff alleges no facts supporting Dr. Rainer's personal liability and amendment to add personal-capacity claims would therefore be futile. Adding Dr. Rainer as another official-capacity defendant would be redundant, as this matter is already proceeding against two official-capacity defendants who can appropriately respond to injunctive relief. *Hartmann v. Cal. Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1127 (9th Cir. 2013).

Because the amendments submitted in plaintiff's proposed second amended complaint would be futile, the Court should DENY plaintiff's motion to file the second amended complaint.

C.   Future Third Amended Complaint

Plaintiff also seeks leave to file, sometime in the unspecified future, a third amended complaint that he contemplates will assert individual claims for, among other things, hundreds of missed meals, extending back to 2016 and into 2021. Dkt. 87 at 7–9. Plaintiff asserts that it will take more than four months to compile the necessary information. Dkt. 87 at 7–8.

First, the Court will not rule on a motion to amend a pleading unless a copy of the proposed amended pleading is attached. *See* Local Rules, Western District of Washington ("LCR"), Rule 15 ("A party who moves for leave to amend a pleading . . . *must attach* a copy of the proposed amended pleading as an exhibit to the motion[.]") (emphasis added). Plaintiff's request for leave to file the third amended complaint described in his motion is therefore DENIED.

Second, plaintiff appears to have misapprehended the Court's summary judgment rulings discussing amendment of the complaint. While this Court's Report and Recommendation stated that the Court should grant plaintiff permission to amend his complaint to identify "John Doe" defendants (Dkt. 27 at 18–27), that permission was not unlimited. Instead, plaintiff was instructed that "[a]ny new claims raised in the amended complaint *must relate only to the remaining claims alleged in the complaint.*" Dkt. 27 at 23 (emphasis added).

Plaintiff's original complaint alleged 18 specific instances when the Protocol was misused. Dkt. 6 at 36–41. Notwithstanding the complaint's disclaimer in one place that

plaintiff sought only injunctive and declaratory relief against the four named headquarters defendants (Dkt. 6 at 38), the complaint elsewhere appeared to assert claims against the individuals involved in the specific incidents (*Id*. at 36). Accordingly, liberally construing the complaint, the Report and Recommendation interpreted the allegations as claims against unnamed "John Doe" defendants and recommended plaintiff be given leave to add *those specific defendants* if he wished to assert personal-capacity claims against them. Dkt. 27 at 18–19.

But the Court nowhere provided plaintiff leave to continue to amend his complaint to add new or additional incidents *ad infinitum*. Such claims must be brought in a separate action. "Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees—for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007); *see also* Fed. R. Civ. P. 20(a)(2) (joinder of defendants not permitted unless both commonality and same transaction requirements are satisfied).

Furthermore, it is not enough to state a claim simply to allege a date, a general description of an incident, and name a defendant. Plaintiff must also allege facts that establish that each defendant acted with the subjective state of mind of deliberate indifference to inmate health and safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Thus, for each individual plaintiff seeks to hold personally liable, he must allege facts that demonstrate "the official knows of and disregards an excessive risk to inmate

health or safety." *Id*. at 837. Conclusory allegations are not sufficient. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555-557 (2007) (plaintiff must include more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action."

Because the Report and Recommendation gave plaintiff the option of identifying the "John Doe" defendants and bringing personal-capacity claims against them with respect to the incidents specified in the original complaint—and plaintiff has indicated he disagrees with his counsel's decision not to do so—the Court should give plaintiff a final opportunity to file a second amended complaint. The Court, by separate order, granted (contingent upon another attorney may accepting an appointment as *pro bono* counsel) plaintiff's request for counsel. If *pro bono* counsel is located to represent plaintiff, then plaintiff should consult with counsel. If plaintiff still wishes to allege such claims, he should be mindful of the burden he must meet to do so.

## CONCLUSION

Plaintiff's motion to file the proposed second amended complaint and a future unspecified third amended complaint (Dkt 87) should be DENIED in part.

The Court should grant plaintiff one more opportunity if he still wishes to file an amended complaint asserting personal-capacity claims for damages against individual staff members for violation of his Eighth Amendment rights; he should be required to do so within 60 days of the date upon which counsel is appointed (or the date the Court reports that counsel could not be located). If filed, plaintiff's proposed second amended complaint may make additional allegations to identify the individuals, dates and locations of only the specific incidents set forth in plaintiff's original complaint. Plaintiff may not allege any new claims or incidents. For each defendant, plaintiff must allege

REPORT AND RECOMMENDATION REGARDING
PLAINTIFF'S MOTION TO AMEND COMPLAINT- 9

sufficient facts to establish that the defendant acted with deliberate indifference to plaintiff's health and safety.

The second amended complaint (if any) must be legibly rewritten or retyped in its entirety, it should be an original and not a copy, it should contain the same case number, and it may not incorporate any part of the original complaint or any documents by reference. The amended complaint will act as a complete substitute for the original Complaint and the amended complaint previously filed in this case, not as a supplement. Any claim not alleged in the second amended complaint is waived. *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997), *overruled in part on other grounds*, *Lacey v. Maricopa Cty.*, 693 F.3d 896 (9th Cir. 2012). If a second amended complaint is not filed, this case will proceed on the amended complaint filed by plaintiff's former counsel (Dkt. 47).

The parties have **fourteen (14) days** from service of this Report and Recommendation to file written objections thereto. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the Clerk is directed set this matter for consideration on **February 11, 2022**, as noted in the caption.

Dated this 25th day of January, 2022.

Theresa L. Fricke
United States Magistrate Judge

REPORT AND RECOMMENDATION REGARDING
PLAINTIFF'S MOTION TO AMEND COMPLAINT- 10