1

2

3

4                          UNITED STATES DISTRICT COURT
                          WESTERN DISTRICT OF WASHINGTON
5                                   AT TACOMA

6    JAMES ANTHONY WILLIAMS,
                                                Case No. 3:19-cv-05045-DGE-TLF
7                          Plaintiff,
                                                REPORT AND
8          v.                                   RECOMMENDATION

9    STEPHEN SINCLAIR, et al.,
                                                Noted for February 18, 2022
10                         Defendants.

11         This matter has been referred to the undersigned Magistrate Judge. *Mathews,*

12   *Sec'y of H.E.W. v. Weber*, 423 U.S. 261 (1976); 28 U.S.C. § 636(b)(1)(B); Local Rule

13   MJR 4. This matter comes before the Court on the following motions:

14         1.  Plaintiff's motion for access to his legal documents (Dkt. 72)[1];

15         2.  Plaintiff's motion for suspension of deadlines (Dkt. 75)[2];

16         3.  Plaintiff's motion to file overlength brief and for extension of time (Dkts. 90,

17             90-1); and

18         4.  Plaintiff's motion to require processing of grievances (Dkt. 91).

19

20

21   [1] Plaintiff has also filed a second motion for access to legal documents and research materials. Dkt. 93.
     By separate order, the Court has requested supplemental submissions and has deferred consideration of
22   this motion. The Court will issue a separate Report and Recommendation addressing this motion when it
     becomes ripe.

23   [2] Defendants filed a motion for an extension of time to file their response to Dkts 72 and 75, but
     subsequently timely filed their response. Dkts. 82, 83. Defendant's motion (Dkt. 82) should therefore be
24   terminated as moot.

25

REPORT AND RECOMMENDATION - 1

Plaintiff has been transferred to a different prison since the filing of his earlier motion seeking access to his legal documents (Dkt. 72) and, after his transfer, filed his second motion for access to his documents (Dkt. 93). The Court finds that the earlier motion has therefore become moot and is superseded by plaintiff's second motion for access to his documents (Dkt. 93).

Accordingly, the Court DENIES as moot plaintiff's first motion for access to documents (Dkt. 72) and the motions associated with it (Dkts. 75 and 90).

After considering the merits of plaintiff's motion to require the processing of grievances (Dkt. 91), the Court finds that plaintiff has not met his burden to obtain a preliminary injunction, the motion seeks relief not at issue in this litigation and the Court lacks jurisdiction over the party or parties to be enjoined. The Court therefore recommends that plaintiff's motion be DENIED.

BACKGROUND

Plaintiff is a prisoner confined in solitary confinement; at the time plaintiff filed this lawsuit, he was housed at the Washington State Penitentiary ("WSP") but in October 2021 he was transferred to the Intensive Management Unit at Monroe Corrections Center ("MCC"), where he is currently housed. *See* docket entry dated October 19, 2021. In this 42 U.S.C. § 1983 action, plaintiff challenges the Department of Corrections' ("DOC's") Disruptive Hygiene Behavior Response Protocol (the "Protocol"). Dkts. 6, 47. Plaintiff's amended complaint asserts claims against Stephen Sinclair and Timothy Thrasher, supervisors at Washington Department of Corrections ("DOC") headquarters, alleging that the Protocol unconstitutionally imposes cruel and unusual

1    punishment both facially and as applied to plaintiff by, among other things, depriving

2    him of meals. Dkt. 47.[3]

3         This Court appointed *pro bono* counsel after the partial grant of defendants' pre-

4    discovery summary judgment motion, but a disagreement concerning case strategy

5    between plaintiff and his counsel led to counsel's withdrawal. Dkts. 56, 69. Plaintiff has

6    been proceeding *pro se* since that time. The Court recently granted plaintiff's motion for

7    replacement counsel—contingent upon the agreement of an attorney from the Western

8    District of Washington's *pro bono* panel to serve. Dkt. 99. The Court recognizes that an

9    attorney cannot be forced to sign up for *pro bono* service in a Section 1983 case, and

10   therefore if volunteer counsel cannot be located, plaintiff will need to continue to litigate

11   this case *pro se*.

12        In connection with the withdrawal of his prior counsel, plaintiff requested that

13   counsel be required to return case files and discovery materials they had obtained. Dkt.

14   61. Counsel proceeded to send those materials to plaintiff at WSP. Dkt. 66 at ¶¶ 3–5.

15   Counsel's initial shipments of materials, however, included not only hard copy

16   documents but also electronic media that are not permitted by the Department of

17   Corrections; as a result, some of the materials were rejected by the prison. Dkt. 85 at ¶¶

18   4, 5.

19        Plaintiff filed a motion for access to documents after the initial rejection of the

20   shipments, asserting that defendants had destroyed or rejected discovery materials he

21   needed to pursue this case. Dkt. 72 at 2–3. In response to the motion, defendants

22

23   [3] The Court has recommended that plaintiff be granted leave to file a second amended complaint to add
     individual defendants alleged in 18 specific instances in plaintiff's original complaint to have misused the
24   Protocol. Dkt. 100 at 7–8.

25

REPORT AND RECOMMENDATION - 3

submitted declarations establishing that the materials were subsequently recopied in an acceptable format and re-sent to WSP, and that the materials were stored along with plaintiff's other legal property. Dkt. 86 at ¶ 3; Dkt. 85 at ¶ 4. Plaintiff's motion also asserts, more generally, that he was denied adequate access to his documents and to legal research materials at WSP. *See, e.g.*, Dkt. 72 at 22. But plaintiff was subsequently transferred from WSP to MCC, where he is now confined. Accordingly, as discussed below, his motion concerning his ability to access his materials at WSP is now moot— and superseded by plaintiff's later motion (Dkt. 93) addressing his access to documents and legal materials at MCC.

In conjunction with plaintiff's motion for access to documents (Dkt. 72), he also filed a motion seeking a suspension of case deadlines (Dkt. 75). Defendants filed a single response to both motions, together with the Declarations of Justin Steinhoff, Rochelle Stephens and Patty Willoughby. Dkts. 83, 84, 85, 86. Plaintiff did not file a reply by the deadline, but filed a 47-page motion for an extension of time to file a reply (together with a motion for leave to file an overlength brief). Dkts. 90, 90-1.

After plaintiff's transfer to MCC, plaintiff filed a motion to require the processing of recently-filed grievances. Dkt. 91. Defendants have responded (Dkt. 95) and plaintiff filed a reply (Dkt. 96) and supplemental exhibits (Dkt. 97). Plaintiff also filed a request for leave to file an attached "status report" (Dkt. 98), which the Court construes as a surreply.

DISCUSSION

A.    Legal Standard

Injunctions are "to be used sparingly, and only in a clear and plain case." *Rizzo v. Goode*, 423 U.S. 362, 378 (1976) (quoting *Irwin v. Dixon*, 50 U.S. 10, 33, (1850)); *see*

REPORT AND RECOMMENDATION - 4

1  *also Sampson v. Murray*, 415 U.S. 61, 83 (1974). "A preliminary injunction is an

2  extraordinary remedy never awarded as of right." *Winter v. Natural Res. Def. Council,*

3  *Inc.*, 555 U.S. 7,24 (2008). Instead, injunctive relief "may only be awarded upon a clear

4  showing that the plaintiff is entitled to such relief." *Id*. at 22.

5        A plaintiff seeking a preliminary injunction must establish (1) "he is likely to

6  succeed on the merits," (2) "he is likely to suffer irreparable harm in the absence of

7  preliminary relief," (3) "the balance of equities tips in his favor," and (4) "an injunction is

8  in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20, (2008).

9  In addition, Ninth Circuit precedent has developed the "serious questions" variation of

10  the test, where "a preliminary injunction is proper if there are serious questions going to

11  the merits; there is a likelihood of irreparable injury to the plaintiff; the balance of

12  hardships tips sharply in favor of the plaintiff; and the injunction is in the public interest."

13  *Lopez v. Brewer*, 680 F.3d 1068, 1072 (9th Cir. 2012).

14        A preliminary injunction may grant "intermediate relief of the same character as

15  that which may be granted finally." *De Beers Consol. Mines v. U.S*., 325 U.S. 212, 220

16  (1945); *Kaimowitz v. Orlando*, 122 F.3d 41, 43 (11th Cir. 1997). However, a court

17  should not issue an injunction when the relief sought is not of the same character and

18  the injunction deals with a matter lying wholly outside the issues in the underlying

19  action. *De Beers Consol. Mines,* 325 U.S. at 220.

20        Additionally, the United States Supreme Court has recognized that running a

21  prison is a difficult undertaking requiring the expertise of correctional officials. *Kingsley*

22  *v. Hendrickson*, 576 U.S. 389, 399 (2015) (citing *Turner v. Safley*, 482 U.S. 78, 84-85

23  (1987)). For this reason, the court must provide prison officials substantial discretion in

24

25

1   devising reasonable solutions to ensure safety at correctional institutions. *Kingsley*, 576

2   U.S. 399. And, under the Prison Litigation Reform Act ("PLRA"), an injunction may not

3   be granted unless it is "narrowly drawn, extends no further than necessary to correct the

4   violation of a Federal right, and is the least intrusive means necessary to correct the

5   violation of the Federal right." 18 U.S.C. § 3626(a)(1)(A). The Court must "give

6   substantial weight to any adverse impact on public safety or the operation of a criminal

7   justice system caused by the relief." *Id*.

8   B.    Plaintiff's Motions for Leave to File Overlength Briefs (Dkts. 90, 92)

9           As a threshold matter, plaintiff has filed two motions for leave to file overlength

10  briefs. Dkts. 90, 92. Plaintiff has also filed a "motion to request leave from court" to file a

11  24-page "status report." Dkt. 98.

12          Plaintiff's proposed "status report," filed after the close of the briefing on his

13  motion to require processing of grievances, is an unauthorized surreply brief. Pursuant

14  to Local Rule CR 7(g)(2), surreplies are limited to requests to strike material contained

15  in or attached to a reply brief. "Extraneous argument or a surreply filed for any other

16  reason will not be considered." *Id*; *see also Herrnandez v. Stryker Corp.*, 2015 WL

17  11714363, at *2 (W.D. Wash. Mar. 13, 2015). Plaintiff does not request to strike material

18  contained in defendants' briefing; rather, he provides additional argument. *See* Dkt. 98.

19  Given the plaintiff's situation as an individual who alleges that he has severe mental

20  health conditions and symptoms, and alleges that he is in solitary confinement and

21  cannot effectively gain access to the information he needs to litigate this case, the Court

22  recommends granting plaintiff's request to submit his surreply and will consider

23  plaintiff's submission; however, in the future the Court may strike any unauthorized

24  surreply submissions, and may deny motions to file over-length briefs.

25

REPORT AND RECOMMENDATION - 6

Motions to file overlength briefs are disfavored. Local Rules, W.D. Wash., ("LCR") at Rule 7(f). However, solely in the interest of determining the underlying motions and advancing this case, the Court recommends that both motions to file overlength briefs be granted. However, going forward, the Court will not be so lenient. If counsel is not located and plaintiff proceeds with this case *pro se*, he must comply with the Court's rules, including its local rules prescribing page limits – or make a showing of good cause why additional pages are necessary. *See* LCR 7 (e) (limiting opening and responding briefs on most non-dispositive motions to 12 pages with 6-page replies, and opening/responsive briefs on dispositive motions to 24 pages with 12-page replies).

Plaintiff contends he should be permitted additional pages because his filings are handwritten instead of typed. *See*, *e.g.* Dkt. 90 at 1. But plaintiff's filings are not overlength solely because they are handwritten; they exceed the Rules' limits primarily because they contain excessive and often repetitve narrative, unsworn testimony and address extraneous subject matter. For example, plaintiff filed a 47-page request for an extension of time to file a reply brief, which contains extensive narrative not germane to the request at issue. Dkt. 90-1. In extraordinary circumstances where a complex motion requires additional argument or analysis, the Court will consider a request to exceed the prescribed page limits. But plaintiff will be expected to comply with the Local Rules.

C.    Moot Motions (Dkts. 72, 90)

The Court notes that several of the pending motions have become moot. The record reflects that plaintiff has been transferred from WSP to MCC since he filed his original motion for access to documents and legal materials (Dkt. 72). *See* docket entry dated October 19, 2021. This motion was addressed to staff at WSP, who no longer have control over either plaintiff or his documents. An inmate's transfer from a prison

facility generally moots claims for injunctive relief against officials of that facility. *Dilley v. Gunn,* 64 F.3d 1365, 1368 (9th Cir.1995); *Johnson v. Moore,* 948 F.2d 517, 519 (9th Cir.1991) (per curiam).

Accordingly, the Court recommends that plaintiff's first motion for access to documents (Dkt. 72) be denied as moot.[4] Similarly, plaintiff's related motion for an extension of time to file a reply in support of that motion (Dkt. 90-1) is likewise moot and should also be denied for that reason.

In addition, plaintiff sought a suspension of case deadlines in connection with his original motion for access to documents. Dkt. 75. This motion is also moot. The Court already suspended the case schedule in its order permitting the withdrawal of plaintiff's prior counsel. Dkt. 56 at 2. The Court recently granted plaintiff's request for replacement counsel (contingent upon the location of *pro bono* counsel) and will not issue a new case schedule until it is known whether counsel will be appointed. Dkt. 99. Therefore, plaintiff's motion to suspend case deadlines should be denied as moot.

D.    Grievance Processing (Dkt. 91)

Plaintiff seeks the Court's intervention in MCC's internal grievance procedure to compel the processing of four grievances he filed in November 2021. Dkt. 91.

Plaintiff's motion seeks relief that has no nexus to the claims pled in plaintiff's complaint. *See Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 633 (9th Cir. 2015) ("When a plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have the authority to issue an injunction."). The claims in

---

[4] In addition, plaintiff's original motion is superseded by his second motion for access to documents at MCC (Dkt. 93), where plaintiff and his documents are currently located. The Court has requested supplemental briefing on this motion and will address it separately.

the underlying complaint are for alleged Eighth Amendment violations arising out of defendants' implementation of the Protocol. Dkt. 47.

Plaintiff has not alleged claims for alleged improper processing of his grievances. The relief plaintiff seeks in this matter—declaratory and injunctive relief finding the Protocol unconstitutional and prohibiting its enforcement—is entirely distinct from that sought in plaintiff's motion—an order requiring the processing of his grievances. Plaintiff is therefore not seeking ""intermediate relief of the same character as that which may be granted finally," *De Beers Consol. Mines* 325 U.S. at 220, but instead seeks wholly different relief on an entirely different claim. The Court does not have authority to issue such an injunction.

Furthermore, the incidents plaintiff newly asserts in his grievances are not a part of this case. Plaintiff's original complaint alleged specific past incidents—and the Court has permitted plaintiff to amend his complaint to state individual claims arising out of those particular incidents. Dkt. 6 at 36–41; Dkt. 27 at 18–19; Dkt. 100 at 7–8. But the Court has made it clear that if plaintiff wishes to pursue additional claims arising out of new or additional incidents, he must bring a separate action. Dkt. 100 at 8. The grievances at issue in plaintiff's motion relate to new and separate claims not alleged in his original complaint, and largely arising after his complaint was filed; they are not at issue in this case. The Court has no authority to issue an injunction regarding unrelated claims. *Pac. Radiation Oncology,* 810 F.3d at 633.

Moreover, the Court cannot issue an order against an individual who is not a party to a suit pending before it. *See Zenith Radio Corp. v. Hazeltine Research, Inc.,* 395 U.S. 100 (1969). *See Zepeda v. U.S. I.N.S.*, 753 F.2d 719, 727 (9th Cir. 1983) ("A

1  federal court may issue an injunction if it has personal jurisdiction over the parties and

2  subject matter jurisdiction over the claim; it may not attempt to determine the rights of

3  persons not before the court."). Here, plaintiff seeks to enjoin the grievance coordinators

4  at WSP, MCC and at Department of Corrections headquarters. Dkt. 91 at 1. None is a

5  defendant in this case. *See* Dkt. 47 (naming as defendants DOC Secretary Stephen

6  Sinclair and DOC Mission Housing Administrator Timothy Thrasher).

7         Finally, even if the subject matter of and parties to the proposed injunction were

8  properly before the Court, injunctive relief would nonetheless be inappropriate because

9  plaintiff cannot establish a likelihood of success on the merits. "There is no legitimate

10 claim of entitlement to a [prison] grievance procedure." *Mann v. Adams*, 855 F.2d 639,

11 640 (9th Cir. 1988). Prisoners "lack a separate constitutional entitlement to a specific

12 prison grievance procedure," and so a stand-alone claim based on a deprivation of the

13 grievance procedure does not implicate due process. *Ramirez v. Galaza*, 334 F.3d 850,

14 860 (9th Cir. 2003) (citing *Mann*, 855 F.2d at 640). Plaintiff therefore cannot state a

15 viable Section 1983 for rejection of his grievances and cannot establish a likelihood of

16 success on the merits.

17        Plaintiff's motion for a preliminary injunction regarding the processing of his

18 grievances (Dkt. 91) should be denied.

19                              <u>CONCLUSION</u>

20        Based on the foregoing discussion, the undersigned recommends that the Court:

21        1.  GRANT plaintiff's motions to file overlength briefs (Dkts. 90 and 92) and

22             motion for leave to file a "status report" (Dkt. 98);

23

24

25

REPORT AND RECOMMENDATION - 10

2.  DENY as moot plaintiff's first motion for access to documents (Dkt. 72),

motion to suspend case deadlines (Dkt. 75) and motion for an extension of

time to file a reply brief (Dkt. 90-1); and

3.  DENY plaintiff's motion to require grievance processing (Dkt. 91).

The parties have **fourteen (14) days** from service of this Report and Recommendation to file written objections thereto. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the above time limit, the Clerk shall set this matter for consideration on **February 18, 2022**, as noted in the caption.

Dated this 31st day of January, 2022.


Theresa L. Fricke
United States Magistrate Judge

REPORT AND RECOMMENDATION - 11