UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JAMES ANTHONY WILLIAMS,<br><br>                       Plaintiff,<br>    v.<br><br>STEPHEN SINCLAIR, et al.,<br><br>                       Defendant. | CASE NO. 3:19-cv-05045-DGE-TLF<br><br>ORDER ADOPTING THE REPORT AND RECOMMENDATION (DKT. NO. 100) AND DENYING DEFENDANTS' OBJECTIONS TO ORDER (DKT. NO. 99) |

## I.    INTRODUCTION

This matter comes before the Court on the Report and Recommendation ("R&R") of the Honorable Theresa L. Fricke, United States Magistrate Judge, (Dkt. No. 100) and Defendants' Objections. (Dkt. No. 109). For the reasons discussed herein, the R&R is ADOPTED.

## II.    BACKGROUND

In this 42 U.S.C. § 1983 action, Plaintiff, who is proceeding pro se and in forma pauperis, challenges the Department of Corrections' disruptive Hygiene Behavior Response Protocol (the "Protocol"). (Dkt. Nos. 6, 47.) The current operative complaint is the Amended Complaint filed

1  on January 15, 2021.  (Dkt. No. 47.)  On September 9, 2021, Plaintiff filed a motion to file a

2  second amended complaint and a third amended complaint when Plaintiff received additional

3  discovery.  (Dkt. No. 87.)  On January 25, 2022, Judge Fricke issued the R&R denying

4  Plaintiff's motion to file the second amended complaint.  (Dkt. No. 100.)  The R&R did allow

5  Plaintiff to amend the complaint a third time in order to comply with a previous Report and

6  Recommendation from February 28, 2020 (Dkt. No. 27) that was adopted by Judge Settle.  (Dkt.

7  No. 30.)

8        In a separate order, Judge Fricke granted a motion to appoint counsel and instructed the

9  Clerk to identify pro bono counsel.  (Dkt. No. 99.)

10        Plaintiff now brings these objections to both the R&R and the motion to appoint counsel.

11  ### III.  DISCUSSION

12  **A.  Standard of Review**

13  The district judge must determine de novo any part of the magistrate judge's disposition

14  to which a party has properly objected.  The district judge may accept, reject, or modify the

15  recommended disposition; receive further evidence; or return the matter to the magistrate judge

16  with instructions.  Fed. R. Civ. P. 72(b)(3).

17  **B.  Leave to Amend**

18  Defendants object to the R&R alleging that the Court erred in granting Plaintiff leave to

19  file an additional amended complaint.  (Dkt. No. 109 at 1.)  First, Defendants allege the Court

20  committed plain error by allowing Plaintiff leave to amend without attaching a copy of the

21  proposed amended complaint, in violation of Local Civil Rule 15.  (Dkt. No. 109.)  Second,

22  Defendants allege the Court erred by failing to consider the appropriate legal standard for

23  amending a complaint.  (*Id*.)

24

ORDER ADOPTING THE REPORT AND RECOMMENDATION (DKT. NO. 100) AND DENYING
DEFENDANTS' OBJECTIONS TO ORDER (DKT. NO. 99) - 2

1. Local Civil Rule 15

Local Civil Rule 15 governs the procedure in which parties may amend their pleadings. LCR 15. It requires the parties who seek to amend a pleading to attach a copy of the proposed amended pleading. LCR 15. Contrary to Defendants' contention, it does not restrict the Court's ability to allow further amendment without a proposed amended complaint.

2. Appropriate Legal Standard

Under Federal Rule of Civil Procedure 15(a), after an initial 21 day period for amendment as of right, pleadings may be amended only with the opposing party's written consent or by leave of the court. Fed. R. Civ. P. 15(a)(2). "Courts are free to grant a party leave to amend whenever 'justice so requires,' Fed. R. Civ. P. 15(a)(2), and request for leave should be granted with 'extreme liberty.'" *Moss v. U.S. Secret Service*, 572 F.3d 962, 972 (9th Cir. 2009) (quoting *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001)). In addition, "[d]ismissal without leave to amend is improper unless it is clear, upon *de novo* review, that the complaint could not be saved by any amendment." *Polich v. Burlington Northern, Inc.*, 942 F.2d 1467, 1472 (9th Cir. 1991); *see also Moss v. U.S. Secret Service*, 572 F.3d at 972; *Gompper v. VISX, Inc.*, 298 F.3d 893, 898 (9th Cir. 2002).

The Court must consider five factors when considering whether to grant a party leave to amend: 1) bad faith, 2) undue delay, 3) prejudice to the opposing party, 4) futility of amendment, and 5) whether the party has previously amended the complaint. *Desertrain v. City of Los Angeles*, 754 F.3d 1147, 1154 (9th Cir. 2014) (citing *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004)).

Here, Defendants argue that the Court should not adopt the R&R because amendment would prejudice the Defendants and be futile. (Dkt. No. 109 at 11–12.) However, the R&R

1  clearly contemplated the prejudice to Defendants and potential futility of amendment.  Indeed,
2  the R&R denied leave to file the Proposed Second Amended Complaint because it contained
3  numerous futile amendments.  (Dkt. No. 100 at 6–7.)  In addition, the R&R explicitly did not
4  allow Plaintiff to "allege any new claims or incidents." (*Id*. at 9.)  Amendment was
5  recommended only to identify the "John Doe" defendants to bring personal capacity claims
6  against them, (Dkt. No. 100 at 7) which was part of the February 28, 2020 Report and
7  Recommendation (Dkt. No. 27 at 22–23) adopted in part by Judge Settle.  (Dkt. No. 30.)
8  Although, as Plaintiff alleges, the prior Amended Complaint was filed without those allegations
9  by Plaintiff's former counsel, it apparently was a decision Plaintiff disagreed with.  (Dkt. No.
10 100 at 9.)
11     The Court does not disagree with the R&R providing Plaintiff the opportunity to further
12 amend his complaint in accordance with the February 28, 2020 Report and Recommendation.
13 However, having considered Defendants' position on the matter, the Court determines that
14 granting full leave to file an amended complaint without first reviewing the proposed amended
15 complaint would be inappropriate considering Plaintiff previously was provided the opportunity
16 to identify and name the John Doe defendants.
17     In essence, Plaintiff will need to file a brief, additional motion to amend his complaint
18 along with a complete proposed amended complaint.  Assuming the proposed amended
19 complaint complies with the guidelines provided in the February 28, 2020 Report and
20 Recommendation, the motion likely will be granted.  If the proposed amended complaint does
21 not comply with the guidelines provided in the February 28, 2020 Report and Recommendation,
22 the proposed amended complaint likely will be rejected and the parties will proceed on the
23 current operative amended complaint.  (Dkt. No. 47.)
24

ORDER ADOPTING THE REPORT AND RECOMMENDATION (DKT. NO. 100) AND DENYING
DEFENDANTS' OBJECTIONS TO ORDER (DKT. NO. 99) - 4

**C. Appointment of Additional Pro Bono Counsel (Dkt. No. 99)**

Defendants here object to Judge Fricke's Order Contingently Granting Plaintiff's Motion for Counsel. (Dkt. No. 99); Fed. R. Civ. P. 72(a). However, the Court has been informed that the Clerk's efforts to locate volunteer pro bono counsel have been unsuccessful, and the Court is therefore unable to appoint counsel. Accordingly, unless Plaintiff is able to locate counsel himself, he shall proceed in this matter pro se. Furthermore, it is entirely unclear that Defendants have standing to object to such an order. Nonetheless, as the search for pro bono counsel was unsuccessful, Defendants' motion is moot as to Defendants' objection to Judge Fricke's Order Contingently Granting Plaintiff's Motion for Counsel. (Dkt. No. 99.)

## IV. CONCLUSION

Accordingly, and having considered the January 25, 2022 Report and Recommendation, Defendants' Objections, and the remainder of the record, the Court finds and ORDERS that said Report and Recommendation (Dkt. No. 100) is ADOPTED as follows:

1. Plaintiff is instructed to file a motion for leave to amend and attach to said motion a complete proposed second amended complaint by **May 2, 2022**. The proposed amended complaint should comply with the guidelines provided in the February 28, 2020 Report and Recommendation (Dkt. No. 27) or risk denial of the request to amend the complaint.

2. The objection as to the R&R's recommendation to appoint counsel is moot.

Dated this 16th day of March 2022.

David G. Estudillo
United States District Judge