UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JAMES ANTHONY WILLIAMS,

          Plaintiff,

v.

STEPHEN SINCLAIR, et al.,

          Defendants.

Case No. 3:19-cv-05045-DGE-TLF

ORDER GRANTING PLAINTIFF'S MOTION TO FILE THIRD AMENDED COMPLAINT

This matter comes before the Court on plaintiff's motion to file a third amended complaint. Dkt. 118. Defendants have filed a response. Dkt. 120. Plaintiff has not filed a reply. For the reasons discussed below, the Court GRANTS plaintiff's motion and directs the Clerk to docket the proposed Third Amended Complaint (Dkt. 118-1) as the operative complaint in this matter.

BACKGROUND

In this 42 U.S.C. § 1983 action, plaintiff, *pro se* and *in forma pauperis*, challenges the Department of Corrections' ("DOC's") disruptive Hygiene Behavior Response Protocol (the "Protocol") and his continued confinement in solitary confinement in the Intensive Management Units ("IMUs") of the prisons in which he has been housed. Dkts. 6, 47, 118-1. Plaintiff is currently confined in the IMU at the Monroe Correctional Complex. Defendants are senior DOC officials—Stephen Sinclair (DOC Secretary) and Timothy Thrasher (DOC Mission Housing Administrator)—who are alleged to have

ORDER GRANTING PLAINTIFF'S MOTION TO FILE
THIRD AMENDED COMPLAINT - 1

created the Protocol and to have continued plaintiff's solitary confinement despite knowing it was exacerbating plaintiff's mental illness. Dkt. 118-1 at 18.

Defendants brought a pre-discovery motion for summary judgment as to plaintiff's originally filed complaint. Dkt. 13. This Court issued a Report and Recommendation recommending that plaintiff's official-capacity claims asserting a facial challenge to the Protocol be dismissed because the Protocol's delay of a single meal pending the removal of a biohazard did not violate the Eighth Amendment. Dkt. 27 at 16. This Court further recommended that plaintiff should be granted leave to amend his complaint to state personal-capacity supervisory liability claims against the defendants, and to name and assert personal-capacity claims against unnamed "John Doe" prison staff for incidents of misuse of the Protocol that had been alleged in plaintiff's original complaint. *Id*. at 18, 20.

The District Court adopted the Report and Recommendation in part. Dkt. 30 ("February 28, 202 R&R"). The District Court dismissed plaintiff's official-capacity facial attack claims only as to the withholding of a single meal and denied defendant's motion without prejudice as to all other aspects of plaintiff's claims. Dkt. 30 at 4. In particular, the District Court declined to dismiss all potential aspects of plaintiff's Eighth Amendment facial attack on the Protocol; the District Court allowed plaintiff to proceed with official-capacity claims that the Protocol is unconstitutionally defective to the extent that it actually permits, or in practice it has been misapplied to permit, the deprivation of multiple consecutive meals or other unconstitutional conditions of confinement. *Id*.

The District Court noted that it was not clear whether plaintiff was seeking damages; the Court allowed plaintiff to file an amended complaint to clarify his claims

1   and suggested that plaintiff would benefit from the assistance of counsel in drafting an
2   amended complaint. *Id*. at 5.
3   After the summary judgment decision, this Court appointed *pro bono* counsel
4   Curtis Schultz and Lynne Wilson to represent plaintiff. Dkt. 35. On January 15, 2021,
5   counsel filed an amended complaint (the "First Amended Complaint") alleging that
6   plaintiff's continued solitary confinement is unconstitutional and that the Protocol is
7   unconstitutional both facially and as applied to plaintiff. Dkt. 47. The First Amended
8   Complaint was brought against defendants Sinclair and Thrasher in their official
9   capacities only and seeks declaratory and injunctive relief, but not damages. Dkt. 47 at
10  ¶¶ 1.3–1.5.
11  Defendants answered the First Amended Complaint, and the parties engaged in
12  discovery. Dkts. 48, 51. On May 17 and 26, 2021, both of plaintiff's counsel filed
13  motions for relief from the order appointing them; they cited incompatibility and a
14  dispute over case strategy. Dkts. 53, 55. The Court granted the motions, and plaintiff is
15  currently *pro se* in this matter. Dkt. 56.
16  After the withdrawal of his counsel, plaintiff sought leave to file a second
17  amended complaint, and prospectively suggested he would like to file an unspecified
18  future third amendment to assert claims for hundreds of additional denied meals. Dkt.
19  87. This Court issued a Report and Recommendation ("January 25, 2022 R&R") that the
20  motion be denied, but that plaintiff should be allowed one more opportunity to file an
21  amended complaint within the limitations of the Courts' prior orders. Dkt. 100 at 9. The
22  District Court adopted the January 25, 2022 Report and Recommendation, instructing
23  plaintiff to file a motion and attach his proposed complaint. Dkt. 115 at 4.
24
25
ORDER GRANTING PLAINTIFF'S MOTION TO FILE
THIRD AMENDED COMPLAINT - 3

DISCUSSION

A.    Legal Standard

Pursuant to Fed. R. Civ. P. 15(a)(2), a party may amend its pleading after a responsive pleading is served only with the opposing party's written consent or the court's leave. "Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so requires.'" *AmerisourceBergen Corp. v. Dialysis West, Inc.*, 445 F.3d 1132, 1136 (9th Cir. 2006) (*quoting* Fed. R. Civ. P. 15(a)). The court ordinarily considers five factors when determining whether to grant leave to amend under Rule 15: "(1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment," and (5) whether the pleadings have previously been amended. *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir.1990).

B.    Proposed Third Amended Complaint

Although permitted by the Court's prior orders, plaintiff has decided not to assert personal capacity claims against additional prison staff for violation of the Protocol. Dkt. 118 at 2. Instead, he seeks to add personal-capacity claims to his previous official-capacity solitary confinement claim against the existing defendants. *Id.*; Dkt. 118-1 at 4, 18–19. Plaintiff also continues to assert that the Protocol violates his Eighth Amendment rights, but appears to maintain this claim, as in his First Amended Complaint, as an official-capacity claim only. Dkt. 118-1 at 20–22. Plaintiff seeks monetary damages and injunctive relief with respect to his solitary confinement claim, and injunctive relief with respect to his Protocol claim. *Id.* at 23.

Defendants oppose plaintiff's motion, arguing that (1) the proposed amendments do not comply with the February 28, 2020 Report and Recommendation, (2) the proposed amendments would "reinvent" this case late in the litigation process to

defendants' prejudice, and (3) amendment would be futile because plaintiff has not exhausted his claims. Dkt. 120.

Plaintiff's amendments comply with this Court's previous orders. The District Court's adoption of the February 28, 2020 Report and Recommendation permits plaintiff to move forward with an official-capacity claim that the Protocol is defective or capable of misapplication. Dkt. 30 at 4. It also expressly holds open the option for plaintiff to add claims for damages. *Id*. at 4. And the February 28, 2020 Report and Recommendation grants plaintiff leave to amend to allege personal-capacity claims for supervisory liability. Dkt. 27 at 18. The Court's prior orders adamantly stated that plaintiff would not be allowed to add extensive new defendants for multiple missed meals not included in his original pleading; plaintiff does not seek to do so here. *See* Dkt. 100 at 7.

The Third Amended Complaint does not add legal claims that were not made in the First Amended Complaint. That complaint alleged Eighth Amendment violations for (1) prolonged solitary confinement, and (2) creation of a Protocol that is both facially flawed and susceptible to misapplication. Dkt. 47 at 12–13. Plaintiff's Third Amended Complaint brings the same claims—but adds personal-capacity claims for damages to the first claim, which had already been alleged against the same defendants in their official capacities.

Plaintiff's proposed pleading therefore complies with the requirement in the February 28, 2020 Report and Recommendation that "[a]ny new claims raised in the amended complaint must relate only to the remaining claims alleged in the complaint." It does not "reinvent" plaintiff's case.

Defendants argue that plaintiff has failed to adequately allege supervisory liability or personal participation of the named defendants in the violation of the Protocol. Dkt. 120 at 9.

A supervisor may be held liable under 42 U.S.C. § 1983 if "there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011).

Plaintiff alleges defendants "forc[ed]" him to live in long-term solitary confinement while they "were both fully aware of the permanent damage I suffered as a result." *Id*. Thus plaintiff is not asserting supervisory liability with respect to the Protocol claim; instead, he asserts that defendants knew of, and disregarded, serious dangers to his mental health in continuing plaintiff's indefinite solitary confinement. Dkt. 118-1 at 18. To survive a defense summary judgment motion on this issue, plaintiff must come forward with evidence to prove these allegations; however, the Court cannot find that, at the pleading stage, these allegations would be futile.

Finally, defendants' argument that plaintiff's claims are not exhausted is premature. Exhaustion is "an affirmative defense the defendant must plead and prove." *Albino v. Baca*, 747. F.3d 1162, 1166 (9th Cir. 2014). While defendants may raise the issue in a properly supported dispositive motion, their conclusory invocation of the exhaustion rule is insufficient to meet their burden.

The Court finds that plaintiff's proposed Third Amended Complaint is consistent with the prior orders in this case, and his motion to amend is therefore GRANTED.

ORDER GRANTING PLAINTIFF'S MOTION TO FILE
THIRD AMENDED COMPLAINT - 6

C. <u>Revocation of *in Forma Pauperis* Determination</u>

Defendants assert that plaintiff has failed to allege imminent danger of serious physical harm and therefore his previously granted *in forma pauperis* ("IFP") status should be revoked. Dkt. 120 at 7–8. Plaintiff continues to allege in the Third Amended Complaint that prison staff have applied the Protocol to deprive him of up to six consecutive meals. Dkt. 118-1 at 21. The Court finds no reason to revisit its prior determination that, under such circumstances, the grant of IPF status is appropriate.

D. <u>Defendants' Motion for Summary Judgement</u>

Defendants have filed a motion for summary judgment addressing the First Amended Complaint. Dkt. 103. An amended complaint supersedes the original complaint. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). The original complaint is "treated thereafter as non-existent." *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967) *overruled on other grounds by Lacey v. Maricopa County*, 693 F.3d 896 (9th Cir. 2012).

As defendants' summary judgment motion attacks the First Amended Complaint, the motion will be moot with the docketing of the Third Amended Complaint. Accordingly, defendants' motion for summary judgment (Dkt. 103) is denied without prejudice and with the right to re-file as to the Third Amended Complaint. *See e.g. Farkas v. Gedney*, 2014 WL 5782788, *3 (D. Nev. Nov. 6, 2014) ("[B]ecause granting [plaintiff's] motion for leave to amend will alter the scope of defendants' now-filed motion for summary judgment, defendants' motion for summary judgment is denied without prejudice, subject to re-filing based on the scope of the soon-to-be amended complaint.").

## CONCLUSION

The Court therefore ORDERS as follows:

1. Plaintiff's motion to file his Third Amended Complaint (Dkt. 118) is GRANTED. The Clerk is directed to docket the proposed Third Amended Complaint (Dkt. 118-1) as the operative complaint in this matter;

2. Defendants shall file their response to the Third Amended Complaint on or before August 26, 2022;

3. Defendants' motion for summary judgment (Dkt. 103) is DENIED without prejudice as moot.

Dated this 9th day of August, 2022.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge