UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JAMES ANTHONY WILLIAMS,

Plaintiff,

v.

STEPHEN SINCLAIR, et al.,

Defendants.

Case No. 3:19-cv-05045-DGE-TLF

REPORT AND RECOMMENDATION

Noted for August 26, 2022

This matter is before the Court on plaintiff's motion for access to documents and legal research materials (Dkt. 93) and has been referred to the undersigned Magistrate Judge. *Mathews v. Weber*, 423 U.S. 261 (1976); 28 U.S.C. § 636(b)(1)(B); Local Rule MJR 4. The Court sought supplemental briefing. Dkt. 102. For the reasons set forth below, the Court should deny plaintiff's motion.

FACTUAL AND PROCEDURAL HISTORY

Plaintiff is a prisoner confined in restrictive housing; at the time plaintiff filed this lawsuit, he was housed at the Washington State Penitentiary ("WSP") but in approximately October 2021 he was transferred to the Intensive Management Unit at Monroe Corrections Center ("MCC"), where he is currently housed. *See* docket entry dated October 19, 2021. In this 42 U.S.C. § 1983 action, plaintiff, proceeding *pro se* and *in forma pauperis*, challenges the Department of Corrections' ("DOC's") Disruptive Hygiene Behavior Response Protocol (the "Protocol") and his solitary confinement in Intensive Management Units. Dkts. 6, 47.

Plaintiff's First Amended Complaint asserts claims against Stephen Sinclair and Timothy Thrasher, senior employees at the Department of Corrections ("DOC") headquarters, alleging that the Protocol unconstitutionally imposes cruel and unusual punishment both facially and as applied to plaintiff by, among other things, depriving him of meals. Dkt. 47. Plaintiff has recently filed a proposed Third Amended Complaint, which alleges additional claims against the existing defendants but does not add new defendants. Dkt. 118-1 at 3.[1]

This Court appointed *pro bono* counsel after the partial grant of defendants' pre-discovery summary judgment motion, but a dispute over case strategy between plaintiff and his counsel led to counsel's withdrawal. Dkts. 56, 69. Plaintiff has been proceeding *pro se* since that time.[2]

In connection with the withdrawal of his prior counsel, plaintiff requested that counsel be required to return case files and discovery materials they had obtained. Dkt. 61. Counsel proceeded to send those materials to plaintiff at WSP. Dkt. 66 at ¶¶ 3–5. Counsel's initial shipments of materials, however, included not only hard copy documents but also electronic media that are not permitted by the Department of Corrections; as a result, some of the materials were rejected by the prison. Dkt. 85 at ¶¶ 4, 5.

Plaintiff filed his first motion for access to documents after the original rejection of the shipments, asserting that defendants had destroyed or rejected discovery materials

---

[1] The Court addresses plaintiff's motion to file his Third Amended Complaint in a separate order.

[2] The Court granted plaintiff's motion for replacement counsel—contingent upon the agreement of an attorney from the Western District of Washington's *pro bono* panel to serve. Dkt. 99. However, the Clerk has reported that volunteer counsel could not be located; plaintiff therefore will continue to litigate this case *pro se*.

he needed to pursue this case. Dkt. 72 at 2–3. In response to the motion, defendants submitted declarations stating that the materials were subsequently recopied in an acceptable format and re-sent to WSP, and that all of the materials were stored along with plaintiff's other legal property. Dkt. 86 at ¶ 3; Dkt. 85 at ¶ 4.

Plaintiff's motion also asserts, more generally, that he was denied adequate access to his litigation materials at WSP. *See, e.g.*, Dkt. 72 at 13. Plaintiff's second motion for access to documents asserts that, after his transfer to MCC, he has also not had sufficient access to his legal materials at that institution. Dkt. 93.

Because the record on plaintiff's motion reflected conditions at WSP and not at plaintiff's current place of confinement at MCC, the Court requested that the parties file supplemental submissions with an update concerning the status of the transfer of plaintiff's documents to MCC, and the policies applicable to his access to those documents as well as legal research materials. Defendants submitted a supplement, together with the Declarations of Arben Kullojka and Miriam Kastle. Dkts. 111, 112, 113. Plaintiff submitted a response. Dkt. 116.[3]

Defendants' evidence indicates that under Department of Corrections ("DOC") policy, prisoners in restricted housing may not, for safety and security reasons, keep more than one 10" x 12" x 18" box of legal documents/paper in their cells unless they request an exception from the Superintendent. Dkt. 112 at ¶ 5 (Citing DOC Policy 320.255). If the person needs access to materials in his other boxes, he may request to

[3] Plaintiff filed a motion requesting a copy of defendants' supplemental materials and an extension of time to file his response. Dkt. 114; the record shows plaintiff subsequently received those materials, as he was able to file a timely response. Dkt. 116. Plaintiff's motion for an extension (Dkt. 114) should therefore be denied as moot.

substitute another box for the one in his cell. *Id*. Plaintiff has been approved to have two boxes in his cell, provided he continues to demonstrate good behavior. *Id*.

Defendants also indicate that plaintiff's legal property boxes arrived with him when he was transferred to MCC and he may access them through a written request. *Id*. at ¶ 6. Defendants assert that plaintiff has access to legal research materials through an electronic law library computer and, in addition, he may request (in writing) soft-bound written materials. Dkt. 113 at ¶ 4.

Plaintiff's recently-filed motion for leave to file his Third Amended Complaint acknowledges that he has been able to review all of his boxes of discovery materials in this matter in order to prepare his proposed complaint. Dkt. 118 at 1–2.

## DISCUSSION

### A. Legal Standard

Injunctions are "to be used sparingly, and only in a clear and plain case." *Rizzo v. Goode*, 423 U.S. 362, 378 (1976) (quoting *Irwin v. Dixon*, 50 U.S. 10, 33, (1850)); *see also Sampson v. Murray*, 415 U.S. 61, 83 (1974). "A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). Instead, injunctive relief "may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Id*. at 22.

A plaintiff seeking a preliminary injunction must establish (1) "he is likely to succeed on the merits," (2) "he is likely to suffer irreparable harm in the absence of preliminary relief," (3) "the balance of equities tips in his favor," and (4) "an injunction is in the public interest." *Winter*, 555 U.S. at 20. The Ninth Circuit also allows for the "serious questions" variation of the test, where "a preliminary injunction is proper if there are serious questions going to the merits; there is a likelihood of irreparable injury to the

plaintiff; the balance of hardships tips sharply in favor of the plaintiff; and the injunction is in the public interest." *Lopez v. Brewer*, 680 F.3d 1068, 1072 (9th Cir. 2012).

A preliminary injunction may only grant "intermediate relief of the same character as that which may be granted finally." *De Beers Consol. Mines v. United States*, 325 U.S. 212, 220 (1945); *Kaimowitz v. Orlando, Fla.*, 122 F.3d 41, 43 (11th Cir. 1997). A court should not issue an injunction when the relief sought is not of the same character and the injunction deals with a matter lying wholly outside the issues in the underlying action. *De Beers Consol. Mines,* 325 U.S. at 220.

Running a prison is a difficult undertaking that requires the expertise of correctional officials*. Kingsley v. Hendrickson*, 576 U.S. 389, 399 (2015) (citing *Turner v. Safley*, 482 U.S. 78, 84–85 (1987)). For this reason, the Court must provide prison officials substantial discretion in devising reasonable solutions to ensure safety at correctional institutions. *Kingsley*, 576 U.S. 399. Furthermore, under the Prison Litigation Reform Act ("PLRA"), an injunction may not be granted unless it is "narrowly drawn, extends no further than necessary to correct the violation of a Federal right, and is the least intrusive means necessary to correct the violation of the Federal right." 18 U.S.C. § 3626(a)(1)(A). The Court must "give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the relief." *Id*.

B. Plaintiff's Request for Preliminary Injunction

Plaintiff's motion seeks to compel action from individuals who are not parties to this matter. The claims alleged in this case are brought against DOC headquarters employees Sinclair and Thrasher. Dkt. 47. But plaintiff's motion challenges the actions of individual staff at MCC, who are not parties to this case. And the facility's Superintendent—who is not a party—is the individual empowered to make exceptions to

the restrictions plaintiff challenges. Dkt. 112 at ¶ 2. Because this Court may not "not attempt to determine the rights of persons not before the court," it is inappropriate to issue the injunction plaintiff seeks. *Zepeda v. U.S. I.N.S.*, 753 F.2d 719, 727 (9th Cir. 1983).

In addition, plaintiff's motion for access to documents is not based upon claims pled in the complaint. Plaintiff has brought Eighth Amendment claims alleging that the Protocol, and plaintiff's solitary confinement, impose cruel and unusual punishment. Dkts. 6, 47.[4] Plaintiff does not assert claims for alleged deprivation of his property or for denial of his access to the courts.

The relief plaintiff seeks in this motion—an order compelling access to his legal documents and various legal supplies—is of a wholly different character from the invalidation of the Protocol that are sought in plaintiff's complaint. In the absence of any nexus between the injury claimed in the motion for injunctive relief and the conduct asserted in the underlying complaint, the Court lacks authority to grant the injunction. *Pac. Radiation Oncology, LLC. v. Queen's Med. Ctr.*, 810 F.3d 631, 636 (9th Cir. 2015).

Plaintiff also fails to demonstrate irreparable harm. The record demonstrates that plaintiff has not been deprived of his documents—and he has filed multiple motions since resuming *pro se* status, demonstrating that he has the ability to pursue his claims. The defendants assert they have remedied prior issues concerning the rejection of plaintiff's documents by WSP and transferred those documents to MCC when plaintiff was moved there. Dkt. 95 at ¶¶ 4, 5; Dkt. 86 at ¶ 3; Dkt. 112 at ¶ 6. Plaintiff also has the

[4] Plaintiff's proposed Third Amended Complaint likewise brings only Eighth Amendment conditions of confinement claims. Dkt. 118-1 at 4, 20.

ability to request access to legal research materials. Dkt. 113 at ¶ 4. Plaintiff has not refuted these assertions.

Moreover, plaintiff recently acknowledged that he has received access to the stored boxes of discovery materials addressed by his motion. Dkt. 118 at 1–2. Indeed, plaintiff has not only been able to review those materials, but he has also been able to prepare his proposed Third Amended Complaint. *See* Dkt. 118-1. He has therefore suffered no irreparable harm.

Plaintiff's motion seeks relief that is not at issue in his underlying complaint, from defendants who are not parties. Furthermore, plaintiff has not shown he is "'likely to suffer irreparable harm in the absence of preliminary relief." *Ctr. for Food Safety v. Vilsack*, 636 F.3d 1166, 1174 (9th Cir. 2011). Accordingly, the court "need not address the . . . remaining elements of the preliminary injunction standard." *Id*. Plaintiff's motion for an injunction requiring access to his documents and should be denied.

## CONCLUSION

Based on the foregoing discussion, the undersigned recommends that the Court DENY plaintiff's motion to require access to his legal documents and legal research materials (Dkt. 93). The Court further recommends that plaintiff's motion for an extension of time to respond to defendants' supplemental materials (Dkt. 114) be DENIED as moot because plaintiff was able to timely file his response.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have **fourteen (14) days** from service of this report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474

U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the Clerk is directed to set the matter for consideration on **August 26, 2022** as noted in the caption.

Dated this 9th day of August, 2022.

Theresa L. Fricke
United States Magistrate Judge