UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JAMES ANTHONY WILLIAMS,

                Plaintiff,

v.

STEPHEN SINCLAIR, et al.,

                Defendants.

Case No. 3:19-cv-05045-DGE-TLF

ORDER SETTING TRIAL DATE AND PRETRIAL SCHEDULE

This is a civil rights action brought pursuant to 42 U.S.C. § 1983. The Court previously suspended the existing case schedule in this case in connection with the withdrawal of plaintiff's previously appointed *pro bono* counsel. Dkt. 56. Since that time, plaintiff has been proceeding *pro se* and the Court has accepted his Third Amended Complaint (Dkt. 123) as the operative complaint in this matter. Dkt. 122. Defendants have filed an Answer to the Third Amended Complaint. Dkt. 125. Accordingly, the Court orders a new case schedule.

In light of the lengthy pendency of this matter, the Court is setting a trial date and the additional deadlines are scheduled in reference to that date.

| Event | Date |
| --- | --- |
| Expert Witness Disclosure/Report Deadline | March 20, 2023 |
| Rebuttal Expert Disclosure/Reports Deadline | April 18, 2023 |
| Completion of Discovery | May 30, 2023 |

ORDER SETTING TRIAL DATE AND PRETRIAL SCHEDULE - 1

| Motions to Compel Discovery | June 13, 2023 |
|---|---|
| Dispositive Motion Deadline | June 27, 2023 |
| Motions in Limine Deadline | August 21, 2023 |
| Deadline for the Parties to Schedule a Settlement Conference | |
| Pretrial Order Deadline | September 5, 2023 |
| Voir Dire/Jury Instructions/Trial Brief Deadline | September 5, 2023 |
| Deposition Designations Deadline | September 5, 2023 |
| Pretrial Conference | September 15, 2023 1:30 pm |
| Jury Trial | September 25, 2023 9:00 am |

Discovery

Service of responses to interrogatories and to requests to produce, and the taking of depositions, shall be completed by the discovery deadline set forth above. Federal Rule of Civil Procedure 33(a) requires answers or objections to be served within thirty (30) days after service of the interrogatories. The serving party, therefore, must serve his/her discovery requests at least thirty (30) days before the deadline in order to allow the other party time to answer. Discovery requests must be served directly on the opposing party's counsel by mail.

Motion to Compel to Discovery

Before filing a discovery motion, the parties must confer and attempt to resolve their differences. A good faith effort to confer with a party or person not making a disclosure or discovery requires a face-to-face meeting or a telephone conference. If unable to resolve their differences, the party filing the discovery motion must, either within

ORDER SETTING TRIAL DATE AND PRETRIAL
SCHEDULE - 2

the motion to compel or in a separate affidavit attached to the motion to compel, list the date, manner, and participants to the conference. If the moving party fails to include such a certification, the court may deny the motion without addressing the merits of the dispute. *See* Fed. R. Civ. P. 37 and LCR 37(a)(1).

The motion to compel must: (1) list the matters on which the parties were unable to agree; (2) identify the nature and relevance of the documents and materials sought; and, (3) explain why the discovery sought is proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

<u>Dispositive Motions</u>

Pursuant to LCR 7(b), any argument being offered in support of a motion shall be submitted as a part of the motion itself and not in a separate document. The motion shall include in its caption (immediately below the title of the motion) a designation of the date the motion is to be noted for consideration upon the Court's motion calendar. Dispositive motions shall be noted for consideration on a date no earlier than the fourth Friday following filing and service of the motion.

All briefs and affidavits in opposition to any motion shall be filed and served pursuant to the requirements of Rule 7 of the Federal Rules of Civil Procedure and LCR 7. The party making a motion may file and serve a reply to the opposing party's briefs and affidavits. Any reply brief shall also be filed and served pursuant to the requirements of Rule 7 of the Federal Rules of Civil Procedure and LCR 7.

ORDER SETTING TRIAL DATE AND PRETRIAL SCHEDULE - 3

Defendants are reminded that they **MUST** serve a *Rand* notice, in a separate document, concurrently with motions to dismiss and motions for summary judgment so that *pro se* plaintiffs will have fair, timely and adequate notice of what is required of them in order to oppose those motions. *Woods v. Carey*, 684 F.3d 934, 941 (9th Cir. 2012). The Ninth Circuit has set forth model language for such notices:

> A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
>
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact – that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, **you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.**

*Rand v. Rowland*, 154 F.3d 952, 963 (9th Cir. 1998) (emphasis added). Defendants who fail to file and serve the required *Rand* notice on the plaintiff(s) may have their motion stricken from the Court's calendar with leave to re-file.

### Proof of Service and Sanctions

All motions, pretrial statements, and other filings shall be accompanied by proof that such documents have been served upon counsel for the opposing party or upon any party acting *pro se*. The proof of service shall show the day and manner of service and may be by written acknowledgment of service, by certificate of a member of the bar of this Court, by affidavit of the person who served the papers, or by any other proof satisfactory

to the Court. Prisoners subject to the Court's Mandatory E-Filing Project may comply with this requirement by certifying as to the date the document(s) is handed to the law librarian for scanning. Failure to comply with the provisions of the Order can result in dismissal/default judgment or other appropriate sanctions.

<u>Extensions</u>

The deadlines contained in this Order are firm and will not be extended by the Court except upon application to the Court with a showing of good cause.

<u>Address</u>

The parties are to promptly update the Court with any change of address or other contact information.

<u>Instructions to Clerk</u>

The Clerk of Court is directed to send a copy of this Order to plaintiff and to counsel for defendants.

Dated this 7th day of October, 2022.

Theresa L. Fricke
United States Magistrate Judge