UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JAMES ANTHONY WILLIAMS,

                Plaintiff,

    v.

STEPHEN SINCLAIR, et al.,

                Defendants.

Case No. 3:19-cv-05045-DGE-TLF

ORDER ON PENDING MOTIONS

This matter comes before the Court on plaintiff's motions for limited discovery (Dkt. 127), for courtesy copies of certain documents (Dkt. 128) and for permission to request production of a document (Dkt. 129). Defendants have responded. Dkts. 130, 131. Plaintiff did not file a reply. For the reasons discussed below, plaintiff's motions are DENIED.

A.    <u>Motion for Limited Discovery (Dkt. 127)</u>

Plaintiff's motion makes two requests. First, plaintiff asks the Court to require additional information from defendants regarding plaintiff's ability to access his legal documents. Dkt. 127 at 3. Second, plaintiff seeks leave to conduct "limited discovery" to rebut defendants' evidence regarding the nature of his mental illness. Dkt. 127 at 8.

The Court DENIES plaintiff's first request. The Court previously denied plaintiff's motion for a preliminary injunction requiring defendants to provide access to his legal materials. Dkts. 124, 126. The Court found that it lacked authority to order the requested relief. Dkt. 124 at 6. The Court further noted that a process existed by which plaintiff

ORDER ON PENDING MOTIONS - 1

1    could obtain access to his documents, and that he reported he had successfully done

2    so in connection with preparing his Third Amended Complaint. *Id*. at 6–7. The record

3    before the Court was adequate to decide plaintiff's motion; the Court declines to order

4    defendants to provide additional information.

5         Plaintiff also seeks leave to obtain additional discovery of his mental health

6    records. The Court previously suspended the existing case schedule in this case in

7    connection with the withdrawal of plaintiff's previously appointed *pro bono* counsel. Dkt.

8    56. At that time, several months remained before the original deadline for the closure of

9    discovery. *See* Dkt. 46.

10        Furthermore, contemporaneously with this Order, the Court is issuing a revised

11   case schedule that establishes a new discovery deadline of May 30, 2023. Accordingly,

12   plaintiff does not require leave of the Court to propound discovery requests. Plaintiff's

13   request for limited discovery is therefore DENIED as moot.

14        Plaintiff is cautioned, however, that any additional discovery he seeks in this

15   matter must not be duplicative of discovery that has already been provided.

16   B.    Motions for Copies of Documents (Dkts. 128, 129)

17        Plaintiff has also filed two motions requesting specific documents. First, he

18   requests copies of two documents filed with the Court (his Third Amended Complaint

19   and defendant's second motion for summary judgment). Dkt. 128. Second, plaintiff

20   requests leave to seek the production of an updated version of a document previously

21   provided in discovery. Dkt. 129.

22        Defendants have submitted the Declaration of Senior Assistant Attorney General

23   Tim Lang, which states that they have provided all three of the requested documents to

24   plaintiff. See, letter dated September 19, 2021. Dkt. 131 at ¶ 4, Ex. B. Accordingly, the

25

ORDER ON PENDING MOTIONS - 2

1  record shows plaintiff has received the documents he seeks in his motions; the motions

2  are therefore DENIED as moot.

3       Dated this 7th day of October, 2022.

4

5

6  Theresa L. Fricke
   United States Magistrate Judge
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

ORDER ON PENDING MOTIONS - 3