UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JAMES ANTHONY WILLIAMS,<br><br>               Plaintiff,<br>    v.<br><br>STEPHEN SINCLAIR, et al.,<br><br>               Defendants. | Case No. 3:19-cv-05045-DGE-TLF<br><br>REPORT AND RECOMMENDATION<br><br>Noted for __**July 7, 2023**__ |

This matter comes before the Court on plaintiff's motion to file a fourth amended complaint. Dkt. 157. Defendants have filed a response. Dkt. 159. Plaintiff has filed a reply. Dkt. 163. For the reasons discussed below, the Court recommends that the motion (Dkt. 157) be DENIED.

## BACKGROUND

Plaintiff, a prisoner currently confined at the Washington Corrections Center, commenced this 42 U.S.C. § 1983 action in January 2019. Dkt. 1. Plaintiff, who is proceeding *pro se* and *in forma pauperis*, challenges the Department of Corrections' ("DOC's") Disruptive Hygiene Behavior Response Protocol (the "Protocol") and his prolonged placement in solitary confinement. Dkts. 6, 47, 123. Defendants—Stephen Sinclair (DOC Secretary) and Timothy Thrasher (DOC Mission Housing Administrator)

REPORT AND RECOMMENDATION - 1

—are current or former senior DOC officials alleged to have created the Protocol, and to also be responsible for plaintiff's prolonged placement in solitary confinement.[1] *Id.*

Defendants brought a pre-discovery motion for summary judgment. Dkt. 13. This Court issued a Report and Recommendation recommending that plaintiff's official-capacity claims asserting a facial challenge to the Protocol be dismissed because the Protocol's delay of a single meal pending the removal of a biohazard did not violate the Eighth Amendment. Dkt. 27 at 16. This Court further recommended that plaintiff be permitted to amend his complaint to state personal-capacity supervisory liability claims against the defendants, and to name and assert personal-capacity claims against unnamed "John Doe" prison staff for incidents of misuse of the Protocol that had been alleged in plaintiff's original complaint. *Id*. at 18, 20.

The District Court adopted the Report and Recommendation in part. The District Court dismissed plaintiff's official-capacity facial attack claims only as to the withholding of a single meal and denied defendant's motion without prejudice as to all other aspects of plaintiff's claims. Dkt. 30 at 4. In particular, the District Court declined to dismiss all potential aspects of plaintiff's Eighth Amendment facial attack on the Protocol; the District Court allowed plaintiff to proceed with official-capacity claims that the Protocol is unconstitutionally defective to the extent that it permits, or has been misapplied to permit, the deprivation of multiple consecutive meals or other unconstitutional conditions of confinement. *Id*. The District Court noted that it was not clear whether plaintiff was seeking damages, permitted plaintiff to file an amended complaint to clarify his claims,

---

[1] Plaintiff's original complaint also named two additional senior DOC officials, Dr. Bruce Gage (Chief of Psychiatry) and Dr. Karie Rainer (Director of Mental Health).

REPORT AND RECOMMENDATION - 2

and suggested that plaintiff would benefit from the assistance of counsel in drafting an amended complaint. *Id*. at 5.

After the summary judgment decision, this Court appointed *pro bono* counsel Curtis Schultz and Lynne Wilson to represent plaintiff. Dkt. 35. On January 15, 2021, counsel filed an amended complaint alleging that plaintiff's continued solitary confinement is unconstitutional and that the Protocol is unconstitutional both facially and as applied to plaintiff. Dkt. 47. The amended complaint was brought against defendants Sinclair and Thrasher in their official capacities only and sought declaratory and injunctive relief. Dkt. 47 at ¶¶ 1.3–1.5. While the amended complaint listed 38 incidents in which the Protocol was allegedly misapplied by corrections staff, it did not assert individual personal-capacity claims against those officers. Dkt. 47 at ¶5.13. Instead, it appeared that the incidents were alleged as evidence or examples demonstrating that the Protocol is subject to abuse.

Defendants answered the amended complaint, and the parties proceeded with discovery. Dkts. 48, 51. On May 17 and 26, 2021, both of plaintiff's counsel filed motions for relief from the order appointing them, citing incompatibility and a dispute over case strategy. Dkts. 53, 55. The Court granted the motions, and plaintiff is currently proceeding *pro se* in this matter. Dkt. 56.

On September 9, 2021, plaintiff filed a motion seeking leave to file a second amended complaint, as well as leave to file at some unspecified time in the future a third amended complaint. Dkt. 87. Plaintiff's second amended complaint sought to add claims against all defendants (and to restore Dr. Karie Rainer as a defendant) in their personal capacities, to add 41 pages alleging additional circumstances in which unnamed

REPORT AND RECOMMENDATION - 3

defendants allegedly violated his Eighth Amendment rights, to seek damages and to request additional categories of injunctive relief. Dkt. 87-1 at 1, 13–57, 62–63. Plaintiff ultimately sought to file a third amended complaint adding claims against individual staff at multiple institutions for the deprivation of 200-300 meals over the course of his confinement during the past five years. Dkt. 87 at 7–9.

On January 25, 2022, this Court issued a Report and Recommendation recommending that the motion to file a second amended complaint be denied as futile in part because to the extent it sought to add claims against the named defendants in their personal capacities and to add claims against Karie Rainer in her personal capacity it failed to state a claim for personal liability. Dkt. 100. With respect to plaintiff's request for leave to file, sometime in the unspecified future, a third amended complaint asserting individual claims for, among other things, hundreds of missed meals, extending back to 2016 and into 2021, the Court recommended denying the request as plaintiff failed to attach a copy of the proposed third amended complaint. *Id.* The Court further noted that:

> [P]laintiff appears to have misapprehended the Court's summary judgment rulings discussing amendment of the complaint. While this Court's Report and Recommendation stated that the Court should grant plaintiff permission to amend his complaint to identify "John Doe" defendants (Dkt. 27 at 18–27), that permission was not unlimited. Instead, plaintiff was instructed that "[a]ny new claims raised in the amended complaint *must relate only to the remaining claims alleged in the complaint*." Dkt. 27 at 23 (emphasis added).
> Plaintiff's original complaint alleged 18 specific instances when the Protocol was misused. Dkt. 6 at 36–41. Notwithstanding the complaint's disclaimer in one place that plaintiff sought only injunctive and declaratory relief against the four named headquarters defendants (Dkt. 6 at 38), the complaint elsewhere appeared to assert claims against the individuals involved in the specific incidents (*Id*. at 36). Accordingly, liberally construing the complaint, the Report and Recommendation interpreted the allegations as claims against unnamed "John Doe" defendants and recommended plaintiff be given leave to add *those specific defendants* if he wished to assert personal-capacity claims against them. Dkt. 27 at 18–19.
> But the Court nowhere provided plaintiff leave to continue to amend his complaint to add new or additional incidents *ad infinitum*. Such claims must be brought in a separate action.

REPORT AND RECOMMENDATION - 4

> ….
> Because the Report and Recommendation gave plaintiff the option of identifying the "John Doe" defendants and bringing personal-capacity claims against them with respect to the incidents specified in the original complaint—and plaintiff has indicated he disagrees with his counsel's decision not to do so—the Court should give plaintiff *a final opportunity* to file a second amended complaint.

*Id.* at 7-9 (emphasis added). In conclusion, the Court recommended that:

> The Court should grant plaintiff *one more opportunity* if he still wishes to file an amended complaint ***asserting personal-capacity claims for damages against individual staff members for violation of his Eighth Amendment rights***; he should be required to do so within 60 days of the date upon which counsel is appointed (or the date the Court reports that counsel could not be located). If filed, ***plaintiff's proposed second amended complaint may make additional allegations to identify the individuals, dates and locations of only the specific incidents set forth in plaintiff's original complaint. Plaintiff may not allege any new claims or incidents.*** For each defendant, plaintiff must allege sufficient facts to establish that the defendant acted with deliberate indifference to plaintiff's health and safety.

*Id.* at 9-10 (emphasis added).

On March 16, 2022, the Honorable David G. Estudillo adopted the Report and Recommendation except to the extent that, rather than granting full leave to file an amended complaint, he concluded plaintiff should be required to file a separate motion to amend, a brief, and a complete proposed amended complaint. Dkt. 115. In adopting the Report and Recommendation and rejecting defendants' objection to further amendment due to prejudice, Judge Estudillo noted that the "R&R explicitly did not allow plaintiff to allege any new claims or incidents" and that "[a]mendment was recommended only to identify the 'John Doe' defendants to bring personal capacity claims against them, (Dkt. 100 at 7) which was part of the February 28, 2020, Report and Recommendation (Dkt. 27 at 22-23) adopted in part by Judge Settle. (Dkt. No. 30)." *Id.*

REPORT AND RECOMMENDATION - 5

Accordingly, plaintiff was instructed to:

> file a motion for leave to amend and attach to said motion a complete proposed second amended complaint by May 2, 2022. The proposed amended complaint should comply with the guidelines provided in the February 28, 2020 Report and Recommendation (Dkt. No. 27) or risk denial of the request to amend the complaint.

*Id.*

On February 7, 2022, defendants filed a second motion for summary judgment. Dkt. 103. On April 25, 2022, plaintiff moved for leave to file a third amended complaint. Dkt. 118. On August 9, 2022, this Court granted plaintiff's motion to amend and denied defendants' motion for summary judgment without prejudice as moot. Dkt. 122. The Court explained that, in the third amended complaint:

> [Plaintiff] seeks to add personal-capacity claims to his previous official-capacity solitary confinement claim against the existing defendants. *Id.*; Dkt. 118-1 at 4, 18–19. Plaintiff also continues to assert that the Protocol violates his Eighth Amendment rights, but appears to maintain this claim, as in his First Amended Complaint, as an official capacity claim only. Dkt. 118-1 at 20–22. Plaintiff seeks monetary damages and injunctive relief with respect to his solitary confinement claim, and injunctive relief with respect to his Protocol claim. *Id.* at 23.
> …
> Plaintiff's amendments comply with this Court's previous orders. The District Court's adoption of the February 28, 2020 Report and Recommendation permits plaintiff to move forward with an official-capacity claim that the Protocol is defective or capable of misapplication. Dkt. 30 at 4. It also expressly holds open the option for plaintiff to add claims for damages. *Id.* at 4. And the February 28, 2020 Report and Recommendation grants plaintiff leave to amend to allege personal-capacity claims for supervisory liability. Dkt. 27 at 18. The Court's prior orders adamantly stated that plaintiff would not be allowed to add extensive new defendants for multiple missed meals not included in his original pleading; plaintiff does not seek to do so here. *See* Dkt. 100 at 7.
> The Third Amended Complaint does not add legal claims that were not made in the First Amended Complaint. That complaint alleged Eighth Amendment violations for (1) prolonged solitary confinement, and (2) creation of a Protocol that is both facially flawed and susceptible to misapplication. Dkt. 47 at 12–13. Plaintiff's Third Amended Complaint brings the same claims—but adds personal-capacity claims for damages to the first claim, which had already been alleged against the same defendants in their official capacities.
> Plaintiff's proposed pleading therefore complies with the requirement in the February 28, 2020, Report and Recommendation that "[a]ny new claims raised in the amended complaint must relate only to the remaining claims alleged in the complaint." It does not "reinvent" plaintiff's case.

REPORT AND RECOMMENDATION - 6

*Id.*

On October 7, 2022, this Court issued an order resetting the pretrial deadlines in the case and setting a trial date. Dkt. 132. The order set a deadline of May 30, 2023, for the completion of discovery, a deadline of June 27, 2023, for dispositive motions, and a trial date of September 25, 2023. *Id.*

On April 28, 2023, plaintiff filed the instant motion seeking leave to file a fourth amended complaint. Dkt. 157. In his proposed fourth amended complaint, plaintiff seeks to add claims of violations of the Americans with Disabilities Act (ADA) and the Rehabilitation Act (RA), violations of Due Process under the Fifth Amendment and violations of Due Process and Equal Protection under the Fourteenth Amendment. *Id.* Plaintiff seeks to add the Department of Corrections as a defendant for purposes of his ADA and RA claims only. *Id.* Plaintiff also seeks to add Karie Rainer back into the action as a defendant, alleging claims against her under the ADA, RA, Fifth, Fourteenth and Eighth Amendment, based on his prolonged placement in solitary confinement. *Id.* Finally, it appears plaintiff seeks to add the current DOC Secretary "Sheryl Strange"[2] in her official capacity as a defendant to replace plaintiff's official capacity claims against Stephen Sinclair who no longer holds the position of DOC Secretary. *Id.*

Defendants oppose plaintiff's motion arguing that (1) the proposed amendments do not comply with the Court's prior orders, (2) the proposed amendments would reinvent the case late in the litigation process causing prejudice to defendants and

---

[2] It appears plaintiff is referring to current DOC Secretary Cheryl Strange.

REPORT AND RECOMMENDATION - 7

plaintiff has provided no explanation or justification for amendment at such a late stage, and (3) many of plaintiff's new claims are futile. Dkt. 159.

## DISCUSSION

A.  <u>Legal Standard</u>

Pursuant to Fed. R. Civ. P. 15(a)(2), a party may amend its pleading after a responsive pleading is served only with the opposing party's written consent or the court's leave. "Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so requires.'" *AmerisourceBergen Corp. v. Dialysis West, Inc.*, 445 F.3d 1132, 1136 (9th Cir. 2006) (*quoting* Fed. R. Civ. P. 15(a)). The court ordinarily considers five factors when determining whether to grant leave to amend under Rule 15: "(1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment," and (5) whether the pleadings have previously been amended. *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir.1990). "Prejudice to the opposing party is the most important factor." *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990). A district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended. *Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1072 (9th Cir. 2008).

B.  <u>Proposed Fourth Amended Complaint</u>

The Court first notes that it appears plaintiff seeks to add the current DOC Secretary "Sheryl Strange" in her official capacity as a defendant to replace plaintiff's official capacity claims against Stephen Sinclair who no longer holds the position of DOC Secretary. Dkt. 157. However, amendment of the complaint is not necessary for this purpose. Rather, Fed. R. Civ. P. 25 provides:

> An action does not abate when a public officer who is a party in an official capacity dies, resigns, or otherwise ceases to hold office while the action is pending. The officer's successor is automatically substituted as a party. Later proceedings should be in the substituted party's name, but any misnomer not affecting the parties' substantial rights must be disregarded. The court may order substitution at any time, but the absence of such an order does not affect the substitution.

Accordingly, plaintiff's motion to amend for this purpose should be denied. The Court will address the issue of substitution by separate order as appropriate.

The remainder of plaintiff's motion to amend should also be denied based on the factors of undue delay, prejudice, and prior opportunity to amend. As discussed at length above, plaintiff has been allowed to amend his complaint on several prior occasions over the course of the four years this case has been active. Furthermore, in its prior orders the Court provided guidelines regarding the scope of any further amendments to his complaint plaintiff would be permitted to make. Specifically, in the March 16, 2022, order granting plaintiff leave to file his last motion to amend his complaint, the Court made clear that plaintiff would not be permitted to allege any new claims or incidents in the amended complaint. *See* Dkts. 100, 115.[3] Further, in the August 9, 2022 order granting plaintiff's last motion to amend, the Court concluded, in part, that the amended complaint (denominated the third amended complaint) complied with the Court's prior directives because it:

> does not add legal claims that were not made in the First Amended Complaint … [which] alleged Eighth Amendment violations for (1) prolonged solitary confinement, and (2) creation of a Protocol that is both facially flawed and susceptible to misapplication. Dkt. 47 at 12–13.

---

[3] The Court also notes that in the January 25, 2022, Report and Recommendation recommending that plaintiff be granted leave to file his last amended complaint, this Court also recommended that plaintiff be given only one more opportunity to amend his complaint. Dkt. 100.

REPORT AND RECOMMENDATION - 9

Dkt. 122.

Here, in his proposed fourth amended complaint, plaintiff seeks, for the first time, to add claims of violations of the ADA and RA, violations of Due Process under the Fifth Amendment and violations of Due Process and Equal Protection under the Fourteenth Amendment. Dkt. 157. Plaintiff argues that he is not asserting "new claims" in his proposed fourth amended complaint but merely providing "additional authorities" and therefore the amendment is within the scope of the Court's prior orders. *Id.*

The Court disagrees. If plaintiff adds a new legal theory in a proposed amended complaint this may require additional discovery, and also imposes an opportunity cost because the defendants would be required to devote time to investigating and litigating additional theories of the case. *See, e.g.*, *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387–89 (9th Cir. 1990) (affirming denial of leave to amend to add new claims where proposed amendment involved new legal theories); *Rio v. Virgin Am., Inc.*, No. CV 18-1063-GW(SKx), 2019 WL 210957 at *2 (C.D. Cal. Jan. 3, 2019) (denying motion to amend to add new claims pursuing different legal theories stemming from "**substantially the same facts**" and "the [same] core allegations" (alterations in original)); *Bowers v. Kletke*, No. C08-1768 RSM, 2010 WL 11527183, at *1 (W.D. Wash. July 21, 2010) ("The Court finds that the proposed amendment seeks to add a new legal theory, and because the addition of this new claim would prejudice Defendants and is brought after undue delay, the Court denies leave to add the new claim.").

As noted above, plaintiff's prior complaints, including the current operative complaint, alleged Eighth Amendment violations for (1) prolonged solitary confinement,

and (2) creation of a Protocol that is both facially flawed and susceptible to misapplication. Here plaintiff seeks to add new claims under the ADA and RA, the Due Process clause of the Fifth Amendment and the Due Process and Equal Protection clauses of the Fourteenth Amendment. The Court finds these are, in fact, new claims and contradict this Court's prior orders regarding the permissible scope of future amended complaints. Furthermore, even setting aside the Court's prior orders, plaintiff has been granted leave to amend his complaint on several prior occasions – yet he failed to add these claims in his prior amended complaints. The fact that plaintiff has previously amended his complaint on several occasions and only now seeks to add these new legal theories weighs against allowing further amendment here.

Plaintiff also seeks to add Karie Rainer back into the action as a defendant with respect to his solitary confinement claim, alleging violations of the ADA, RA, Fifth, Fourteenth and Eighth Amendments. Karie Rainer was named as a defendant in plaintiff's original complaint but was not included as a defendant in any of the subsequently filed amended complaints. *See* Dkts. 6, 47, 123. Karie Rainer has not been named as a defendant in this action for nearly two and a half years. *See* Dkts. 47, 123.

Significantly, the Court notes that many of the allegations plaintiff asserts against Karie Rainer in his proposed fourth amended complaint appear to be based on some of the facts asserted in her declaration submitted in support of defendants' second motion for summary judgment in February 2022. *See* Dkt. 157 at 9 (citing Dkt. 105 at 3). This declaration was filed several months before plaintiff filed his last motion to amend his complaint (in April 2022). Dkts. 105, 118. Yet plaintiff's last motion to amend his

REPORT AND RECOMMENDATION - 11

Case 3:19-cv-05045-RJB   Document 166   Filed 06/14/23   Page 12 of 16

complaint (which was granted in August 2022 and resulted in the filing of the current operative complaint) did not seek to add Karie Rainer back in as a defendant or to include any of the allegations against her that he now, a full year later, seeks to include in a fourth amended complaint. Because plaintiff previously amended his complaint several times and failed to include Karie Rainer as a defendant, the Court finds that this factor also weighs against permitting further amendment to add Karie Rainer back in as a defendant, even to the extent he seeks to add Eighth Amendment claims against her.

The Ninth Circuit has found that "[r]elevant to evaluating the delay issue is whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading." *Jackson*, 902 F.2d at 1388 (finding eight-month delay from time of obtaining facts until filing amended complaint was unreasonable). "[L]ate amendments to assert new theories are not reviewed favorably when the facts and theory have been known to the party seeking amendment since the inception of the cause of action." *Acri v. International Ass'n of Machinists & Aerospace Workers*, 781 F.2d 1393, 1398 (9th Cir. 1986). "Courts have [also] found undue delay weighing against granting leave to amend where a motion for leave to amend is filed near or after the close of discovery." *Ewing v. Megrdle*, 2015 WL 1519088, *4 (C.D. Cal. March 26, 2015) (summarizing Ninth Circuit cases affirming denials of motions to amend due to undue delay when the motions were filed near or after the close of discovery); *Solomon v. N. Am. Life & Cas. Ins. Co.*, 151 F.3d 1132, 1139 (9th Cir. 1998) ("district court's conclusion that Solomon's motion to amend [to allege a new cause of action] would cause undue delay and prejudice was not an abuse of discretion. Solomon made the motion on the eve of the discovery deadline" – two weeks before the

close of discovery. "Allowing the motion would have required re-opening discovery, thus delaying the proceedings.").

This case is four years old. The Court recognizes that plaintiff's allegations include his mental health difficulties, and that he has been in solitary confinement – which cause plaintiff to have challenges in pursuing this case. Yet, plaintiff has been granted several prior opportunities to amend his complaint, extensive discovery has taken place, and defendants have filed two previous motions for summary judgment. Defendants' first motion for summary judgment was granted in part and denied in part and the second motion was stricken by the Court approximately nine months ago based on the Court's decision to allow plaintiff to file his third amended complaint.

Plaintiff does not allege his new claims are based on new or recently discovered facts or evidence and it appears these new claims are based on the same facts that have been available to plaintiff throughout this action or, at very least, since before the time plaintiff filed his third amended complaint nine months ago. Plaintiff offers no reasonable explanation as to why he was unable to raise the new claims he seeks to include here in his prior amended complaints over the course of the last several years.

Furthermore, on October 7, 2022, after plaintiff's last motion to amend his complaint was granted, the Court set new discovery and dispositive motion deadlines of May 30, 2023, and June 27, 2023, as well as a trial date of September 25, 2023. *See* Dkt. 132. Thus, the Court's scheduling order allowed the parties an additional seven months to complete discovery and eight months to file dispositive motions. The Court also set a trial date in September 2023 to maintain the path toward resolution. Plaintiff did not file the instant motion to amend until April 28, 2023, six months after the Court's

most recent revised scheduling order and just one month shy of the revised discovery deadline in this case. Dkt. 157. Plaintiff offers no reasonable explanation for his significant delay in seeking to file a further amended complaint raising these new claims and allegations and seeking to add back in a defendant who has been out of the case for two and a half years. Accordingly, the Court finds that the factor of undue delay likewise weighs against permitting further amendment.

Defendants also argue that plaintiff's attempts to add

> an Equal Protection claim, Procedural Due Process claim, possible [sic] a Substantive Due Process claim, and an RA and ADA claim […] would require the development of entirely different facts and analysis such as the process for placement and retention in Max custody, services and accommodations available to other incarcerated persons and Williams, identification of a similar situated group, among others. Permitting Williams to add these entirely new claims four years into this litigation significantly changes the nature of this case and prejudices Defendants.

Dkt. 161.

As the Court's prior orders in this case indicated, as of the time of plaintiff's first amended complaint in January 2021, plaintiff's claims were limited to Eighth Amendment violations for (1) prolonged solitary confinement, and (2) creation of a Protocol that is both facially flawed and susceptible to misapplication. Dkt. 122. The orders further indicated, and plaintiff acknowledges, that plaintiff would not be permitted to add new claims in future amended complaints. Dkts. 122, 157 at 4. Defendants have litigated and prepared their defense in this case for several years based on plaintiff's theory that defendants' actions violated his rights under the Eighth Amendment legal standard. Amendment at this stage would be prejudicial to the defendants.

Furthermore, allowing plaintiff, at this stage, to add brand new legal theories and allegations and to add back in a defendant who has been out of the case for two and a

half years, presents the very real possibility that additional discovery and yet another extension of deadlines, including the trial date, will be required.

Under all the circumstances here, the Court finds allowing further amendment at this stage would unduly prejudice the defendants. *See Priddy v. Edelman*, 883 F.2d 438, 447 (6th Cir. 1989) ("Putting the defendants through the time and expense of continued litigation on a new theory, with the possibility of additional discovery, would be manifestly unfair and unduly prejudicial.") (*cited by Jackson*, 902 F.2d at 1388); *Solomon*, 151 F.3d at 1139 (Upholding district court's denial of motion to amend based on findings of undue delay and prejudice and noting that allowing the motion to amend to add a new cause of action two weeks before the discovery deadline would have required re-opening discovery, thus delaying the proceedings.); *Allen v. City of Beverly Hills*, 911 F.2d at 374 ("We have held that a district court does not abuse its discretion in denying a motion to amend a complaint ... when the movant presented no new facts but only new theories and provided no satisfactory explanation for his failure to fully develop his contentions originally.") (internal citations and quotation marks omitted).

Because the factors of undue delay, prejudice, and prior opportunity to amend, all weigh in favor of denying further amendment, the Court recommends that plaintiff's motion for leave to file a fourth amended complaint (Dkt. 157) be denied.[4]

## CONCLUSION

For the foregoing reasons, plaintiff's motion for leave to file a fourth amended complaint (Dkt. 157) should be DENIED.

---

[4] Because the Court finds these factors all weigh in favor of denying amendment, the Court need not reach the remaining factors.

REPORT AND RECOMMENDATION - 15

The parties have **fourteen (14) days** from service of this Report and Recommendation to file written objections thereto. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the Clerk is directed set this matter for consideration on **July 7, 2023**, as noted in the caption.

Dated this 14th day of June, 2023.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge

REPORT AND RECOMMENDATION - 16