1

2

3

4

5

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

6

7

8

9

10

JAMES ANTHONY WILLIAMS,

                 Plaintiff,

     v.

STEPHEN SINCLAIR, et al.,

                 Defendants.

Case No. 3:19-cv-05045-DGE-TLF

REPORT AND
RECOMMENDATION

Noted for    August 4, 2023

11

12

13

14

15

16

This matter is before the Court on plaintiff's filing of a motion for preliminary injunction. Dkt. 171. Plaintiff is proceeding *pro se* and *in forma pauperis* in this matter, which has been referred to the undersigned Magistrate Judge. *Mathews, Sec'y of H.E.W. v. Weber*, 423 U.S. 261 (1976); 28 U.S.C. § 636(b)(1)(B); Local Rule MJR 4(a). For the reasons set forth below, plaintiff's motion for preliminary injunction (Dkt. 171) should be denied.

17

**BACKGROUND**

18

19

20

21

22

Plaintiff moves for a preliminary injunction seeking the return of "22 boxes of discovery documents at [sic] other documents related to this case." Dkt. 171. Although plaintiff does not provide further explanation in the instant motion, plaintiff appears to refer to 22 boxes of documents that, in prior court filings, he alleged remained at the Department of Corrections facility where he had been previously housed (Monroe

23

24

25

REPORT AND RECOMMENDATION - 1

1   Correctional Complex (MCC)) and had not been transferred to his new facility

2   (Washington Corrections Center (WCC)). *See* Dkts. 163, 168.

3        Defendants oppose the motion, noting that plaintiff offers no analysis of the

4   elements required to establish entitlement to a preliminary injunction. Dkt. 189.

5   Defendants also argue that plaintiff has admitted he has 90% of the records he has

6   identified as crucial to this matter. *Id.* Defendants also note that they recently sent

7   plaintiff another copy of his mental health treatment records from 1996 to 2005 and his

8   involuntary antipsychotic medication records because, during a recent meet and confer,

9   plaintiff identified those documents as crucial to his claims. *Id.* Finally, defendants argue

10  that plaintiff's motion for preliminary injunction is moot because plaintiff's boxes have

11  now been made available to him. *Id.* Plaintiff did not file a reply.

12                              **DISCUSSION**

13       "A plaintiff seeking a preliminary injunction must establish" (1) "he is likely to

14  succeed on the merits," (2) "he is likely to suffer irreparable harm in the absence of

15  preliminary relief," (3) "the balance of equities tips in his favor," and (4) "an injunction is

16  in the public interest." *Winter v. Natural Res. Def. Counsil, Inc.*, 555 U.S. 7, 20 (2008).

17  The Ninth Circuit also allows for the "serious questions" variation of the test, where "a

18  preliminary injunction is proper if there are serious questions going to the merits; there

19  is a likelihood of irreparable injury to the plaintiff; the balance of hardships tips sharply in

20  favor of the plaintiff; and the injunction is in the public interest." *Lopez v. Brewer*, 680

21  F.3d 1068, 1072 (9th Cir. 2012). The purpose of preliminary injunctive relief is to

22  preserve the status quo or prevent irreparable injury pending the resolution of the

23

24

25

REPORT AND RECOMMENDATION - 2

1  underlying claim. *Sierra On-line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422

2  (9th Cir. 1984).

3      In a preliminary injunction, it is appropriate to grant "intermediate relief of the

4  same character as that which may be granted finally." *De Beers Consol. Mines v. U.S.*,

5  325 U.S. 212, 220 (1945); *Kaimowitz v. Orlando*, 122 F.3d 41, 43 (11th Cir. 1997).

6  However, a court should not issue an injunction when the relief sought is not of the

7  same character and the injunction deals with a matter lying wholly outside the issues in

8  the underlying action. *Id*. "When a plaintiff seeks injunctive relief based on claims not

9  pled in the complaint, the court does not have the authority to issue an injunction." *See*

10  *Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 633 (9th Cir. 2015).

11      Plaintiff's motion for preliminary injunction should be denied as moot. "A case [or

12  claim] becomes moot—and therefore no longer a 'Case' or 'Controversy' for purposes of

13  Article III—when the issues presented are no longer 'live' or the parties lack a legally

14  cognizable interest in the outcome." *Rosebrock v. Mathis*, 745 F.3d 963, 971–72 (9th

15  Cir. 2014) (internal quotations and citation omitted). Here, defendants present evidence

16  in the form of a declaration by John Thompson that on June 29, 2023, plaintiff's 22

17  boxes of materials were transported from his previous facility, MCC, to his current

18  facility, the WCC. Dkt. 190. Mr. Thompson further states the plaintiff will have access to

19  these boxes according to standard procedure, namely, that he can send a kite to the

20  law librarian who will provide the boxes to the property officer who will make them

21  available to plaintiff. *Id.*

22      Even if plaintiff's motion were not moot it should be denied as plaintiff fails to

23  establish the elements necessary to obtain preliminary injunctive relief. In the first

24

25

REPORT AND RECOMMENDATION - 3

1  instance, it appears plaintiff's motion seeks preliminary injunctive relief based on claims

2  not pled in the complaint. Furthermore, at this stage the Court cannot conclude plaintiff

3  is likely to succeed on the merits of his underlying claims, nor does plaintiff make that

4  argument in his motion.

5        Plaintiff also has not shown he is likely to suffer irreparable harm in the absence

6  of preliminary relief. The Court notes that in his other filings, plaintiff has made

7  conflicting statements regarding whether the 22 boxes of materials are relevant or

8  necessary to the litigation of this action. For instance, in his reply to his motion to

9  compel discovery, plaintiff states that the 22 boxes are "practically useless" (Dkt. 163 at

10  9) but elsewhere states that some of his "most crucial discovery documents" are in the

11  22 boxes (Dkt. 168). Moreover, defendants' evidence shows that as of June 29, 2023,

12  plaintiff has access to these 22 boxes of materials.

13        Accordingly, plaintiff's motion for preliminary injunction (Dkt. 171) should be

14  denied.

15  CONCLUSION

16        For the foregoing reasons, plaintiff's motion for preliminary injunction (Dkt. 171)

17  should be denied.

18        Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall

19  have fourteen (14) days from service of this report to file written objections. *See also*

20  Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for

21  purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can

22  result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474

23  U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations

24

25

REPORT AND RECOMMENDATION - 4

1 omitted). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the Clerk is

2 directed to set the matter for consideration on **August 4, 2023**, as noted in the caption.

3          Dated this 13th day of July, 2023.

Theresa L. Fricke
United States Magistrate Judge

REPORT AND RECOMMENDATION - 5