UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JAMES ANTHONY WILLIAMS,

        Plaintiff,

v.

STEPHEN SINCLAIR, et al.,

        Defendants.

Case No. 3:19-cv-05045-DGE-TLF

REPORT AND RECOMMENDATION

Noted for   August 18, 2023

This matter is before the Court on plaintiff's filing of a motion for preliminary injunction and temporary restraining order (TRO). Dkt. 167. Plaintiff is proceeding *pro se* and *in forma pauperis* in this matter, which has been referred to the undersigned Magistrate Judge. *Mathews, Sec'y of H.E.W. v. Weber*, 423 U.S. 261 (1976); 28 U.S.C. § 636(b)(1)(B); Local Rule MJR 4(a). For the reasons set forth below, plaintiff's motion for preliminary injunction and TRO (Dkt. 167) should be denied.

## BACKGROUND

Plaintiff moves for a preliminary injunction and TRO seeking an order preventing Dr. Ryan Quirk from contacting plaintiff in person and from trying to "force" plaintiff to undergo a mental health examination. Dkt. 167 at 23. Plaintiff alleges Dr. Quirk previously worked at the Department of Corrections (DOC) but that he never formally examined plaintiff. Dkt. 167. Plaintiff alleges Dr. Quirk subsequently left the DOC but that defendants hired him to act as an expert witness in plaintiff's case. *Id.* Plaintiff

REPORT AND RECOMMENDATION - 1

asserts that Dr. Quirk previously submitted a declaration in support of defendants' second motion for summary judgment[1] setting forth the opinion that plaintiff is not mentally ill. Dkts. 104, 106.

Plaintiff alleges Dr. Quirk has recently been rehired by the DOC as "Chief of Forensic Services." Dkt. 167. Plaintiff alleges he has been told by DOC staff that he can only be allowed out of solitary confinement if he allows Dr. Quirk to evaluate him and that he can only be released from solitary confinement if Dr. Quirk finds plaintiff is not mentally ill. *Id.*

Plaintiff alleges on June 8, 2023, Dr. Quirk came to see him. *Id.* Plaintiff states that he refused to speak to Dr. Quirk and that Dr. Quirk left. *Id.* Plaintiff alleges the mental health examination to evaluate if he is eligible for release from solitary confinement is just a pretext "for the purpose of forcing mentally ill inmates sueing [sic] over being forced to live in solitary confinement – to allow [Dr.] Quirk to force them into letting him examine them – then pro forma testifying that the inmate is not really mentally ill." *Id.* at 24.

Defendants oppose the motion, arguing that plaintiff offers no analysis of the elements required to establish entitlement to a preliminary injunction, that the nature of the relief requested is not of the same character as that sought in the underlying action, and that plaintiff fails to show he will suffer irreparable harm absent entry of a preliminary injunction. Dkt. 193. Plaintiff did not file a reply.

---

[1] The Court notes that defendants' second motion for summary judgment was never considered on the merits and was stricken. Dkts. 104.

REPORT AND RECOMMENDATION - 2

**DISCUSSION**

The standard for issuing a TRO is the same as the standard for issuing a preliminary injunction. *See New Motor Vehicle Bd. of Cal. v. Orrin W. Fox Co.*, 434 U.S. 1345, 1347 n.2 (1977). A TRO is "an extraordinary remedy that may only be awarded upon a clear showing that the [requesting party] is entitled to such relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). "A plaintiff seeking a preliminary injunction must establish" (1) "he is likely to succeed on the merits," (2) "he is likely to suffer irreparable harm in the absence of preliminary relief," (3) "the balance of equities tips in his favor," and (4) "an injunction is in the public interest." *Id.* at 20. The Ninth Circuit also allows for the "serious questions" variation of the test, where "a preliminary injunction is proper if there are serious questions going to the merits; there is a likelihood of irreparable injury to the plaintiff; the balance of hardships tips sharply in favor of the plaintiff; and the injunction is in the public interest." *Lopez v. Brewer*, 680 F.3d 1068, 1072 (9th Cir. 2012). The purpose of preliminary injunctive relief is to preserve the status quo or prevent irreparable injury pending the resolution of the underlying claim. *Sierra On-line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984).

In a preliminary injunction, it is appropriate to grant "intermediate relief of the same character as that which may be granted finally." *De Beers Consol. Mines v. U.S.*, 325 U.S. 212, 220 (1945); *Kaimowitz v. Orlando*, 122 F.3d 41, 43 (11th Cir. 1997). However, a court should not issue an injunction when the relief sought is not of the same character and the injunction deals with a matter lying wholly outside the issues in the underlying action. *Id*. "When a plaintiff seeks injunctive relief based on claims not

REPORT AND RECOMMENDATION - 3

pled in the complaint, the court does not have the authority to issue an injunction." See *Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 633 (9th Cir. 2015).

Plaintiff's motion should be denied. First, the Court notes that plaintiff's motion seeks to enjoin Dr. Quirk from taking certain actions. But Dr. Quirk is not a party to this lawsuit. This Court cannot issue an order against an individual who is not a party to a suit pending before it. *See Zenith Radio Corp. v. Hazeltine Research, Inc.,* 395 U.S. 100 (1969). Thus, to the extent plaintiff seeks an order restraining Dr. Quirk from acting, the motion should be denied.

Even if this were not the case, plaintiff fails to establish the elements necessary to obtain preliminary injunctive relief. Plaintiff's request to prevent a mental health evaluation by a non-party is not of the same character as the ultimate relief requested in this action – release from solitary confinement and an order preventing staff from violating the Disruptive Hygiene Behavior Response Protocol by denying inmates more than one meal. Furthermore, at this stage the Court cannot conclude plaintiff is likely to succeed on the merits of his underlying claims, nor does plaintiff make that argument in his motion.

Plaintiff also has not shown he is likely to suffer irreparable harm in the absence of preliminary relief. Plaintiff indicates he refused Dr. Quirk's evaluation on June 8, 2023, and there is no indication he is scheduled for another such evaluation or that he would be compelled to undergo such an evaluation if he refused to participate.[2]

---

[2] The Court also notes that plaintiff will have the opportunity to present appropriate arguments against any expert opinion put forward by Dr. Quirk in the context of a summary judgment motion or at trial.

REPORT AND RECOMMENDATION - 4

Accordingly, plaintiff's motion for preliminary injunction and TRO (Dkt. 167) should be denied.

CONCLUSION

For the foregoing reasons, plaintiff's motion for preliminary injunction and TRO (Dkt. 167) should be denied.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the Clerk is directed to set the matter for consideration on **August 18, 2023**, as noted in the caption.

Dated this 27th day of July, 2023.

Theresa L. Fricke
United States Magistrate Judge

REPORT AND RECOMMENDATION - 5