UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JAMES ANTHONY WILLIAMS, | CASE NO. 19-5045 RJB |
| Plaintiff, | ORDER ON MOTION |
| v. | |
| STEPHEN SINCLAIR, et. at., | |
| Defendants. | |

This matter comes before the Court on the *pro se* Plaintiff's motion for various relief, post marked August 5, 2024, received by the Court August 7, 2024. Dkt. 222. The Court has considered the motion and remaining record. It is fully advised.

On January 2, 2024, a Report and Recommendation was filed recommending dismissal of the Plaintiff's claims. Dkt. 204. After granting the Plaintiff an extension of time to file objections (Dkt. 216), this Court adopted the Report and Recommendation, over the Plaintiffs objections, on June 4, 2024 (Dkt. 220). The judgment was entered on June 4, 2024. Dkt. 221.

ORDER ON MOTION - 1

The Plaintiff mailed the instant motion with the United States Post Office. Dkt. 222. It is dated Wednesday, July 31, 2024, postmarked Monday, August 5, 2024, and was received by this Court on Wednesday, August 7, 2024. Dkt. 222 at 27 and 47. In this motion, the Plaintiff asks for various forms of relief, including: (1) granting him an extension of time to file an appeal, (2) to send him forms to file an appeal with the Ninth Circuit Court of Appeals, (3) to send him information on the deadline to file an appeal, (4) to send him instructions on how to file an appeal, (5) to order the Defendants send him a copy of all his pleadings filed in the case, (6) appointment of an attorney, and (7) appointment of a neurologist. Dkt. 222. The Plaintiff's motion also discusses the merits of his case and challenges prior rulings. *Id.* To the extent he challenges prior rulings, his motion should be considered a motion for reconsideration.

**Motion for an Extension of Time for an Appeal**. This Court should first consider whether the Plaintiff has filed a timely appeal or is entitled to an extension of time to file an appeal.

Pursuant to Federal Rule of Appellate Procedure ("Fed. R. App. P.") 4, except in situations which do not apply here, "a notice of appeal must be filed with the district clerk within 30 days after entry of the judgment or order appealed from." Fed. R. App. P. 4(a)(1)(A). The exceptions that don't apply here include when the United States is a party and when a party files certain **timely** motions like a motion for entry of a judgment, motion to amend a judgment, motion to make further findings regarding a judgment, motion to alter a judgment, or a motion for a new trial. Fed. R. Civ. P. 4(a)(1)(A), (a)(1)(B), and (a)(4)(*citing* Fed. R. Civ. P. 50, 52, 59, and 60). For these motions under Fed. R. Civ. P. 50, 52, 59, and 60 to be timely, they must be made within 28 days of entry of the judgment. Fed. R. Civ. P. 50(b), 52(b), 59(e), and 60.

ORDER ON MOTION - 2

Case 3:19-cv-05045-RJB   Document 223   Filed 09/11/24   Page 3 of 6

Fed. R. App. P. 4(c), provides an exception to the requirement that notices of appeal be filed within 30 days of the date judgment was entered for inmates confined in an institution, like the Plaintiff.  It provides:

> (1) If an institution has a system designed for legal mail, an inmate confined there must use that system to receive the benefit of this Rule 4(c)(1). If an inmate files a notice of appeal in either a civil or a criminal case, the notice is timely if it is deposited in the institution's internal mail system on or before the last day for filing and:
>
> > (A) it is accompanied by:
> >
> > > (i) a declaration in compliance with 28 U.S.C. § 1746--or a notarized statement--setting out the date of deposit and stating that first-class postage is being prepaid; or
> > >
> > > (ii) evidence (such as a postmark or date stamp) showing that the notice was so deposited and that postage was prepaid; or
> >
> > (B) the court of appeals exercises its discretion to permit the later filing of a declaration or notarized statement that satisfies Rule 4(c)(1)(A)(i).

July 4, 2024 is the date which is 30 days after the June 4, 2024 judgment was entered. Pursuant to Western Dist. of Washington Local Rule of Civil Procedure 6(a), when a party is to act within a period of time and the last day is a Saturday, Sunday, or legal holiday, the time continues to run until the last day of the period is not a Saturday, Sunday or legal holiday. Accordingly, a notice of appeal was due Friday, July 5, 2024.  The Plaintiff's motion is not a timely filed notice of appeal, even with the extension allowed confined inmates under Fed. R. App. P. 4(c).  Further, it is not a timely motion under Fed. R. Civ. P. 50, 52, 59, or 60 and so is not entitled to extra time due to the filing of those motions.

Fed. R. App. P. 4(a)(5) permits motions for extensions of time to file an appeal.  It provides that a district court may grant an extension of time to file a notice of appeal if "a party

ORDER ON MOTION - 3

so moves no later than 30 days after the time prescribed by Rule 4(a) expires" and "that party shows excusable neglect or good cause." Fed. R. App. P. 4(a)(5)(A)(i) and (ii).

Sunday, August 4, 2024 is 30 days after July 5, 2024, the date the 30-day period prescribed by Rule 4(a) expires (30 days after the June 4, 2024 judgment). Accordingly, Monday, August 5, 2024 is the deadline set by Fed. R. App. P. 4(a)(5) for motions for extension of time to file a notice of appeal. The Plaintiff's motion is dated Wednesday, July 31, 2024, postmarked Monday, August 5, 2024, and was received by this Court on Wednesday, August 7, 2024. Dkt. 222 at 27 and 47.

The Plaintiff's motion for an extension of time to file an appeal (Dkt. 222) should be denied without prejudice. Pursuant to the U.S. Dist. Court for the Western District of Washington General Order 06-16, prisoners, like the Plaintiff, who are confined at Stafford Creek Corrections Center are directed to use the Court's electronic filing system. In this case, the Plaintiff sometimes filed documents and motions electronically (*see e.g.* Dkt. 214) and did not do so for others despite several warnings from the Court. He did not electronically file this motion. Dkt. 222.

The Plaintiff's motion for an extension of time to file a notice of appeal was received on August 7, 2024 - two days after the August 5, 2024 deadline. Accordingly, it is untimely. Fed. R. App. P. 4 does not contain an exception that grants additional time for inmates confined in institutions to file motions for extensions of time – only to file their notices of appeal. His motion for an extension of time to file an appeal (Dkt. 222) should be denied without prejudice.

**Motion for forms to file appeal, information on the deadline to file an appeal, and instructions on how to file an appeal.** The Plaintiff may wish to appeal this order. Accordingly, the Plaintiff's motion for forms to file an appeal should be granted and the Clerk of

ORDER ON MOTION - 4

the Court should send the Plaintiff forms to file an appeal.  The Plaintiff's motion for information about how to file an appeal should be denied.  He may wish to consult the Federal Rules of Appellate Procedure and the Ninth Circuit Rules to gain information on the deadline to file an appeal and instructions on how to file an appeal.  He may also write to the Clerk of the Court for the Ninth Circuit.

**Motion for order requiring the Defendants to send him a copy of all his pleadings filed in the case.**  The Plaintiff's motion for an order requiring the Defendants to send him a copy of all his pleadings filed in this case should be denied.  The Plaintiff has failed to point to any law requiring or justifying such an order.

**Motion for appointment of an attorney and for a neurologist.**  Under 28 U.S.C. § 1915(e)(1), the court may request an attorney to represent any person unable to afford counsel.  Under Section 1915, the court may appoint counsel in exceptional circumstances.  *Franklin v. Murphy*, 745 F.2d 1221,1236 (9th Cir. 1984).  To find exceptional circumstances, the court must evaluate the likelihood of success on the merits and the ability of the petitioner to articulate the claims *pro se* in light of the complexity of the legal issues involved.  *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983).

The Plaintiff's motion for appointment of an attorney should be denied.  He is unlikely to succeed on the merits.  Further, the Plaintiff is relatively articulate in raising issues and explaining his positions to the Court.  The case does not present exceptional circumstances.  Moreover, the Plaintiff had counsel appointed at one time in this case, and counsel was permitted to withdraw on July 9, 2021.  Dkt. 69.

The Plaintiff's motion for appointment of a neurologist should be denied.  He has failed to make a showing that such an appointment is proper.

ORDER ON MOTION - 5

**Motion for Reconsideration.** Pursuant to Western Dist. of Washington Local Civil Rule of Procedure 7(h)(2), motions for reconsideration must be filed within fourteen days after the order to which it relates is filed.

To the extent the Plaintiff moves for reconsideration of prior decisions in this case (Dkt. 222) his motion should be denied. It is untimely.

## ORDER

Accordingly, it is **ORDERED** that:

- The Plaintiff's motion (Dkt. 222) **IS**:
    - **GRANTED** as to his motion to have Ninth Circuit Court of Appeal's Notice of Appeal forms sent to him;
    - **DENIED WITHOUT PREJUDICE** as to his motion for an extension of time to file a notice of appeal; and
    - **DENIED IN ALL OTHER RESPECTS.**

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 11th day of September, 2024.

ROBERT J. BRYAN
United States District Judge